Reginald A. TURNER, Appellant,

v.

STATE of Missouri, Respondent.

No. SC 88651.

Supreme Court of Missouri,
En Banc.

March 4, 2008.

S. Kathleen Webber, Office of Public Defender, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jayne T. WOods, Asst. Atty. Gen., Richard A. Starnes, Asst. Atty. Gen., for respondent.

STEPHEN N. LIMBAUGH, JR., Judge.

Reginald Turner appeals the denial of his Rule 24.035 motion for post-conviction relief after his plea of guilty to the class D felony of driving while intoxicated. He correctly argues that one of the prior DWI offenses used to enhance the penalty from a class A misdemeanor to a class D felony should not have been considered. After opinion by the Court of Appeals, Western District, this Court granted transfer. Mo. Const. art. V, § 10. Reversed and remanded.

The facts are not in dispute, and the issue presented is solely a matter of law. On March 29, 2005, Turner was charged by indictment under section 577.010, RSMo 2000, with driving while intoxicated. The indictment alleged that Turner was a persistent offender under section 577.023.1(2)(a) in that he had committed two prior "intoxication-related traffic offenses" within the ten-year period immediately preceding the new offense. Because he was a persistent offender, the charge

was punishable upon conviction as a class D felony, section 577.023.3. On April 18, 2005, Turner pleaded guilty and was sentenced to three years imprisonment pursuant to a plea agreement.

Thereafter, Turner timely filed a *pro se* Rule 24.035 motion, the motion court appointed counsel, and counsel timely filed an amended motion. The motion alleged that the sentence imposed by the trial court was in excess of the maximum sentence authorized by law because one of the two prior intoxication-related offenses used to prove Turner's status as a persistent offender, and thereby enhance his punishment, was a prior municipal offense that resulted in a suspended imposition of sentence. A prior municipal offense that resulted in an SIS, Turner maintained, cannot be used to enhance punishment under section 577.023. The motion court denied relief, and this appeal followed.

■ The basis of Turner's argument is that there are two conflicting provisions within section 577.023 that purport to address the use of prior municipal SIS dispositions for enhancement purposes: Section 577.023.1 and 2(a), which permit the use, and section 577.023.14, which disallows the use. He explains that the statute, therefore, is patently ambiguous, and because the statute is penal, the rule of lenity should be invoked to resolve the ambiguity in favor of defendant. Section 577.023 states in pertinent part as follows:

1. For purposes of this section, unless the context clearly indicates otherwise:

(1) An "intoxication-related traffic offense" is driving while intoxicated, driving with excessive blood alcohol content, involuntary manslaughter pursuant to subdivision (2) of subsection 1 of section 565.024, RSMo, assault in the second degree pursuant to subdivision (4) of subsection 1 of section 565.060, RSMo,

assault of a law enforcement officer in the second degree pursuant to subdivision (3) of subsection 1 of section 565.082, RSMo, *or driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance,* where the judge in such case was an attorney and the defendant was represented by or waived the right to an attorney in writing;

(2) A "persistent offender" is one of the following:

(a) *A person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses,* where such two or more offenses occurred within ten years of the occurrence of the intoxication-related traffic offense for which the person is charged;

\*    \*    \*

14. Evidence of prior convictions shall be heard and determined by the trial court out of the hearing of the jury prior to the submission of the case to the jury, and shall include but not be limited to evidence of convictions received by a search of the records of the Missouri uniform law enforcement system maintained by the Missouri state highway patrol. After hearing the evidence, the court shall enter its findings thereon. *A conviction of a violation of a municipal or county ordinance in a county or municipal court for driving while intoxicated or a conviction or a plea of guilty or a finding of guilty followed by a suspended imposition of sentence, suspended execution of sentence, probation or parole or any combination thereof in a state court shall be treated as a prior conviction.*

(Emphasis added).

The offense in question is expressly addressed in section 577.023.1 and 2(a) for purposes of defining a "persistent offend-

er" because it was a charge for driving under the influence of alcohol in violation of a municipal ordinance to which the defendant pleaded guilty. Under these provisions, the disposition of the charge—whether by suspended imposition of sentence, suspended execution of sentence, probation or parole—is immaterial. And although a plea of guilty followed by a suspended imposition of sentence technically is not a conviction, *Yale v. City of Independence,* 846 S.W.2d 193, 195 (Mo. banc 1993), it still may be used to enhance punishment.

On the other hand, the offense in question is also addressed in section 577.023.14, albeit by necessary implication. The last sentence of subsection 14 delineates those offenses that "shall be treated as a prior conviction" in order to enhance punishment. The list includes a "conviction of a violation of a municipal or county ordinance ... or a conviction or a plea of guilty or a finding of guilty followed by a suspended imposition of sentence, suspended execution of sentence, probation or parole ... in a state court." However, the list does not include a plea of guilty or a finding of guilty followed by a suspended imposition of sentence in *municipal* court, which is not a conviction. The necessary implication, then, is that a municipal plea of guilty followed by a suspended imposition of sentence cannot be used to enhance punishment. The result is that section 577.023.1 and 2(a) conflict with section 577.023.14, and the question thus presented is which provision controls.

■ At the outset, however, the state contends that there is no real conflict and no ambiguity because the reference in section 577.023.14 to "prior convictions" is "simply inapplicable to the definitions of 'intoxication-related traffic offender' and 'persistent offender' " in section 577.023.1 and 2(a). Under the state's theory, "the

language of subsection 14 defining 'conviction' refers only to the subject matter of subsection 14, which relates to the presentation of evidence of prior convictions." This Court disagrees. Subsection 14 is the only mechanism within section 577.023 by which prior convictions may be proved to establish prior or persistent offender status, and in the context of the entire statute, the terms "conviction" and "intoxication-related traffic offense" are synonymous. If the state were correct that the term "conviction" or "prior conviction" as defined in subsection 14 is limited to the context of that subsection only, and that it does not apply to the other subparts of section 577.023, then there would be no purpose to subsection 14, and tellingly, the state identifies no other purpose. But it is presumed, of course, "that the legislature did not insert idle verbiage or superfluous language in a statute." *Civil Serv. Comm'n of St. Louis v. Members of Bd. of Aldermen of St. Louis,* 92 S.W.3d 785, 788 (Mo. banc 2003) (quoting *Hyde Park Hous. P'ship v. Dir. of Revenue,* 850 S.W.2d 82, 84 (Mo. banc 1993)).

■ The state next argues that even if the statute is ambiguous, the ambiguity should be resolved through canons of construction other than the rule of lenity, which should only be used in the event the other canons are inapplicable. The state is correct that the rule of lenity is a default rule, *United States v. Wells,* 519 U.S. 482, 499, 117 S.Ct. 921, 137 L.Ed.2d 107 (1997), and Turner's reliance on the recent cases of *Woods v. State,* 176 S.W.3d 711 (Mo. banc 2005), and *State v. Graham,* 204 S.W.3d 655 (Mo. banc 2006), is misplaced. In both cases this Court invoked the rule of lenity, but only after employing other measures to determine legislative intent, which, of course, is the ultimate objective of statutory interpretation. Regardless, the alternative canons of construction the

state identifies do not fairly resolve the conflict in the statute. The state draws first on the canon that "when two statutory provisions conflict, the later-enacted provision, even when there is no specific repealing clause, repeals the first statute to the extent of any conflict with the second." This is a reference to the fact that the "new" definitions of "intoxication-related traffic offense" and "persistent offender" were first enacted in 1998, though the definition of "convictions" found in subsection 14 had been on the books since 1982. However, when the General Assembly enacted the "new" definitions in section 577.023.1 and 2(a), section 577.023.14 was reenacted as part of the same bill. S.B. 634, 89th Gen. Assem., 2d Reg. Sess., 1998 Mo. Laws 1125. Consequently, one provision cannot be said to be "later-enacted" than the other, and there cannot be any inference of a repeal by implication. This Court has explained that the later-enacted doctrine applies only where, unlike the case at hand, "two inconsistent statutes purport to be complete and independent legislation." *State ex rel. McNary v. Stussie,* 518 S.W.2d 630, 635 (Mo. banc 1974).

The state also relies on canons of construction that the courts must "examine the whole act to discern its evident purpose, or consider the problem that the statute was enacted to remedy." But these, too, are fruitless, because the purpose of the act and the problem to be remedied are the essence of the ambiguity itself. Given the conflicting provisions in this statute, there is simply no way to know whether the purpose of the act was to broaden the scope of prior offenses used to enhance punishment to include all offenses resulting in an SIS, or to broaden the scope in a smaller way by including only state offenses resulting in an SIS. Likewise, it is equally difficult to ascertain the problem to be remedied where the statute sets out conflicting solutions, one

that includes all offenses resulting in an SIS and the other that includes only state offenses.

Having determined that the ambiguity cannot be resolved by resort to other canons of construction, the rule of lenity applies, and the statute must be interpreted in favor of the defendant. Accordingly, the use of prior municipal offenses resulting in an SIS cannot be used to enhance punishment under section 577.023. *See Woods,* 176 S.W.3d at 712–13; *Graham,* 204 S.W.3d at 656. The judgment is reversed, and the case is remanded.

All concur.