**Darrin M. DENBOW, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. WD 70474.**

Missouri Court of Appeals,
Western District.

Feb. 9, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 2010.

Application for Transfer Denied
May 25, 2010.

Andrew D. Propplewell, Esq., Columbia, MO, for appellant.

Karen L. Kramer, Esq., Jefferson City, MO, for respondent.

Before Division One: LISA WHITE HARDWICK, P.J., and JAMES M. SMART, JR. and ALOK AHUJA, JJ.

ALOK AHUJA, Judge.

Darrin M. Denbow appeals the circuit court's judgment denying his motion for post-conviction relief, following his plea of guilty to one count of driving while intoxicated. On appeal, he argues that he was erroneously sentenced as a persistent offender based (in part) on a prior state-court conviction for driving with excessive blood alcohol content. We affirm.

## Factual Background

On June 25, 2007, Denbow pled guilty in Boone County Circuit Court to one count of driving while intoxicated under § 577.010.[1] On July 9, 2007, he was sentenced as a persistent offender pursuant to § 577.023 to three years in the Department of Corrections. Execution of Denbow's sentence was suspended, and he was placed on probation for five years.

On August 4, 2008, the circuit court revoked Denbow's probation, and he was remanded to the Department of Corrections to serve the previously imposed three-year prison sentence. Denbow then filed a timely motion for post-conviction relief under Rule 24.035, which the circuit court denied. Denbow appeals.

## Analysis

■ To be convicted as a persistent offender pursuant to § 577.023.1(4)(a), the State must prove that an individual "has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses." Section 577.023.1(3), in turn, defines an "intoxication—related traffic offense" to include both "driving while intoxicated" and "driving with excessive blood alcohol content."

---

1. All statutory citations are to RSMo 2000 updated through the 2007 Cumulative Sup-

Denbow does not dispute that he had previously been convicted, in state court, of driving while intoxicated in 2000, and of driving with excessive blood alcohol content in 2002. Section 577.023.1(3) expressly denominates both of those offenses as "intoxication-related traffic offenses." Denbow nevertheless argues that he does not qualify as a persistent offender, because he claims that under § 577.023.16 (as it existed prior to 2008) only prior convictions "for driving while intoxicated"—and *not* convictions for driving with excessive blood alcohol content—may be used to enhance punishment under § 577.023. Because the State failed to prove that he had two qualifying prior convictions, Denbow contends that he was erroneously sentenced as a persistent offender. We disagree.

As it existed prior to 2008, § 577.023.16 provided in pertinent part:

A conviction of a violation of a municipal or county ordinance in a county or municipal court for driving while intoxicated or a conviction or a plea of guilty or a finding of guilty followed by a suspended imposition of sentence, suspended execution of sentence, probation or parole or any combination thereof in a state court shall be treated as a prior conviction.

■ The crux of Denbow's argument is that §§ 577.023.1(3) and § 577.023.16 conflict, because § 577.023.1(3) defines "intoxication-related traffic offenses" to include offenses in addition to driving while intoxicated (and specifically lists driving with excessive blood alcohol content), while § 577.023.16 refers only to prior convictions "for driving while intoxicated." According to Denbow, this conflict must be resolved by application of the rule of leni-

plement.

ty,[2] and the prior convictions which can justify sentence enhancement limited to the driving while intoxicated offense specified in the narrower § 577.023.16.

■ Because we find that Denbow was properly found to be a persistent offender under the plain and unambiguous language of §§ 577.023.1(3), .1(4), and .16, we affirm.

> "Statutory interpretation is a question of law, and questions of law are reviewed *de novo.*" The primary objective of statutory interpretation is to ascertain the intent of the legislature and give effect to that intent as it is reflected in the plain language of the statute. When the language of the statute is unambiguous, a court must give effect to the language as written.

*State v. Simmons,* 270 S.W.3d 523, 531 (Mo.App. W.D.2008) (citations omitted).

Denbow qualifies as a persistent offender under the plain language of the governing statutory provisions. Both of his prior state-court convictions—for driving while intoxicated and for driving with excessive blood alcohol content—are expressly denominated "intoxication-related traffic offenses" under § 577.023.1(3). Because he "has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses," he is a persistent offender as specified in § 577.023.1(4)(a). Moreover, Denbow makes no argument that the disposition of his two prior "intoxication-related traffic offenses" does not fall within § 577.023.16, *as it relates to state-court convictions:* "a conviction or a plea of guilty or a finding of guilty followed by a suspended imposition of sentence, suspended execution of sentence, probation or parole or any combination thereof in a state court shall be treated as a prior conviction."

■ The analysis in the prior paragraph should end the matter. Denbow argues, however, that a limitation contained in the *first* clause of the relevant sentence of § 577.023.16, which addresses convictions in county or municipal courts, should be applied here. The relevant clause provides that "[a] conviction of a violation of a municipal or county ordinance in a county or municipal court *for driving while intoxicated* . . . shall be treated as a prior conviction." (Emphasis added.) According to Denbow, *Turner v. State,* 245 S.W.3d 826 (Mo. banc 2008), requires that the limitation to convictions "for driving while intoxicated" found in § 577.023.16's description of qualifying county– or municipal-court dispositions must also be applied to prior *state*-court convictions. This argument, if accepted, would disqualify Denbow's 2002 conviction for driving with excessive blood alcohol content from serving as a basis for a "persistent offender" finding.

■ The limitation to convictions "for driving while intoxicated" in § 577.023.16's first clause cannot reasonably be read to apply to prior state-court convictions, however. *Turner* itself holds that, in ascertaining the intent of the legislature, we are duty-bound to employ "canons of construction other than the rule of lenity, which should only be used in the event the other canons are inapplicable." 245 S.W.3d at 828. One such interpretive canon "is found in the long recognized 'last antecedent rule,' which instructs that: 'relative and qualifying words, phrases, or clauses are to be applied to the words or phrase immediately preceding and are not to be construed as extending to or including oth-

---

**2.** "Under the rule of lenity an ambiguity in a penal statute will be construed against the government or party seeking to exact statutory penalties and in favor of persons on whom such penalties are sought to be imposed." *State v. Graham,* 204 S.W.3d 655, 656 (Mo. banc 2006).

ers more remote.'" *Rothschild v. State Tax Comm'n of Mo.*, 762 S.W.2d 35, 37 (Mo. banc 1988) (citation omitted); *see also Thompson v. Comm. on Legislative Research*, 932 S.W.2d 392, 395 n. 3 (Mo. banc 1996). Applying the "last antecedent rule" here, the limitation to convictions "for driving while intoxicated" plainly applies only to the county– or municipal-court convictions described in the first clause of § 577.023.16, not to the state-court convictions which are described in language appearing *after* the limiting phrase. The second clause does not limit the nature of the offenses which can qualify as "prior convictions" when prosecuted in state court, referring only to "a conviction or a plea of guilty or a finding of guilty." Nothing in that second clause suggests that any limitations on the use of county– or municipal-court convictions, found in the first clause, should be imported into the second clause.

█ Indeed, the fact that the legislature expressly limited county– and municipal-court convictions to those "for driving while intoxicated" in the first clause, but omitted that language from the second clause, is itself a significant indicator that this limitation does *not* apply to state-court dispositions.

> It is well settled, in interpreting a statute, that the legislature is presumed to have acted intentionally when it includes language in one section of a statute, but omits it from another. "A disparate inclusion or exclusion of particular language in another section of the same act is 'powerful evidence' of legislative intent."

*State v. Bass*, 81 S.W.3d 595, 604 (Mo.App. W.D.2002) (quoting *Jantz v. Brewer*, 30 S.W.3d 915, 918 (Mo.App. S.D.2000)); *see also Brams Trust # 2 v. Haydon*, 266 S.W.3d 307, 314–15 (Mo.App. W.D.2008).

We also note that Denbow's argument would have the perverse effect of render-ing § 577.023.1(3) a complete nullity. That sub-section denominates a variety of offenses—going well beyond driving while intoxicated—as "intoxication-related traffic offenses." Under Denbow's argument, however, the detailed enumeration of intoxication-related traffic offenses in § 577.023.1(3) would be completely inoperative surplusage, because § 577.023.16 would limit the offenses which may be considered for sentence enhancement purposes to driving while intoxicated alone. We are properly hesitant to construe § 577.023.16 in such a way as to render other provisions of the same statutory section meaningless. *Turner*, 245 S.W.3d at 828 ("it is presumed, of course, 'that the legislature did not insert idle verbiage or superfluous language into a statute'" (citation omitted)); *Edwards v. Gerstein*, 237 S.W.3d 580, 581 (Mo. banc 2007) ("When interpreting statutes, courts do not presume that the legislature has enacted a meaningless provision.").

*Turner* does not require a contrary result. *Turner* held that municipal-court prosecutions which resulted in suspended impositions of sentence did not qualify as prior convictions which could support sentence enhancement under § 577.023. The Court reached this result because—unlike the specific reference to suspended impositions of sentence in state-court proceedings—the first clause of what is now § 577.023.16 did not designate municipal-court proceedings which resulted in suspended impositions of sentence as "prior convictions." *Turner*, 245 S.W.3d at 828. *Turner* held that the description of prior municipal-court convictions in the first clause of § 577.023.16 excluded, by negative implication, proceedings ending in a suspended imposition of sentence. This conflicted with the definition of a persistent offender in what is now § 577.023.1(4)(a), since the latter provision referred to a prior guilty plea or finding, without any reference to "the disposition

of the charge—whether by suspended imposition of sentence, suspended execution of sentence, probation or parole." *Turner,* 245 S.W.3d at 828. *Turner* held that it was necessary to resort to the rule of lenity to resolve this conflict, and therefore interpreted the statute in the defendant's favor, as excluding municipal-court proceedings which resulted in a suspended imposition of sentence from being used for sentence enhancement purposes.

Unlike in *Turner,* however, there is no conflict between the specification of qualifying state-court dispositions in the second clause of § 577.023.16—which is not limited to any particular *type* of offense—and the persistent offender definition in § 577.023.1(4)(a). With respect to *state-court* proceedings, § 577.023.16 merely requires "a conviction or a plea of guilty or a finding of guilty" resulting in specified outcomes; the *type* of prior offenses which can qualify an offender for sentence enhancement is specified in the definition of "intoxication-related traffic offenses" in § 577.023.1(3).

If anything, *Turner*'s analysis aids the State, not Denbow. *Turner* held that, "in the context of the entire statute, the terms 'conviction' [in § 577.023.16] and 'intoxicated-related traffic offense' are synonymous." 245 S.W.3d at 828. Thus, *Turner* itself indicates that the reference to "a conviction or a plea of guilty or a finding of guilty" in the second clause of § 577.023.16—without further qualification or limitation—incorporates the full range of offenses defined as "intoxication-related traffic offenses" in § 577.023.1(3).

In addition, *Turner* recognized that the description of prior state-court convictions in § 577.023.16's second clause included cases resulting in a suspended imposition of sentence, while the description of qualifying county- and municipal-court dispositions in the first clause did not include such outcomes. 245 S.W.3d at 828. Rath-

er than importing language from the description of state-court convictions into the description of county- and municipal-court convictions, however, *Turner* treated the descriptions in the first and second clauses of § 577.023.16 as independent of one another, and ascribed significance to the fact that language in one clause was omitted from the other. We follow precisely the same approach today, and refuse to apply statutory language applicable solely to county- and municipal-court convictions to the statute's separate description of prior state-court convictions. Instead, as in *Turner,* we assume that the legislature intentionally chose to define the prior convictions which justified sentence enhancement differently, depending on the court in which those prior convictions were entered.

### Conclusion

The judgment of the trial court, denying Denbow's motion for post-conviction relief, is affirmed.

All concur.