STATE of Missouri, Respondent,

v.

Kevin E. CARSON, Appellant.

No. ED 91955.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 25, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 14, 2010.

Application for Transfer Denied
Aug. 31, 2010.

---

Frank K. Carlson, Union, MO, for appellant.

Chris Koster, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., John W. Grantham, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Judge.

The defendant appeals his judgment of conviction for the class-D felony of driving while intoxicated ("DWI"). The trial court used his prior municipal-court conviction for driving with excessive blood-alcohol content ("BAC") to enhance the penalty he faces for DWI. The defendant challenges the use of this municipal-court BAC conviction, citing *Turner v. State*, 245 S.W.3d 826 (Mo. banc 2008). The defendant argues that the Missouri Supreme Court's reasoning in *Turner* compels us to conclude, by logical extension, that the use of his prior municipal-court BAC conviction to enhance the penalty for DWI was in error. We agree with his argument and reverse the judgment as to the defendant's sentence for DWI. We also conclude that he is entitled upon remand to a jury-recommended sentence.

The State charged the defendant with one count of DWI in violation of section 577.010 RSMo. (2000) in the Circuit Court of Franklin County, for events occurring on November 17, 2005. The defendant had two previous intoxication-related traffic offenses. In 1994, the defendant pleaded guilty to BAC in the St. Louis County Municipal Court, and in 1995, he pleaded guilty to BAC in the Circuit Court of Jefferson County. As a result, the State charged the defendant with a class-D felony as a persistent offender pursuant to section 577.023.1(4)(a) RSMo. (Supp.2005).[1]

---

1. All statutory references are to RSMo. (Supp 2005) except as otherwise indicated.

The jury found the defendant guilty on July 24, 2008 of DWI, and the trial court sentenced the defendant to three years' imprisonment.

On appeal, the defendant asserts the trial court erred in sentencing him as a persistent offender under the sentence-enhancement provisions of section 577.023. He contends that section 577.023.16 does not identify a municipal-court BAC conviction as a prior conviction for enhancement purposes. He further maintains that, if he is not a persistent offender, he cannot be a prior offender pursuant to section 577.023.1(5) because his remaining alcohol-related offense occurred more than five years before the charged offense.

■ The issues presented are purely legal. We review matters of statutory interpretation and whether a statute applies to a given set of facts *de novo*. *White v. Tariq*, 299 S.W.3d 1, 3 (Mo.App. E.D.2009).

### The Defendant's Municipal BAC Conviction

■ The defendant argues that *Turner* requires us to reverse the defendant's conviction and remand for jury sentencing as a class-B misdemeanor. In *Turner*, Judge Stephen Limbaugh, writing for a unanimous Supreme Court, determined that provisions of section 577.023 RSMo. (2000 and Supp.2004) governing the proof of prior offenses conflicted with each other, creating an ambiguity that the Court could not resolve through application of other canons of statutory construction. 245 S.W.3d at 828–29. Therefore, the Court resorted to the rule of lenity, and interpreted the statute in the defendant's favor. *Id.* at 829. The Court held that prior municipal offenses resulting in a suspended imposition of sentence ("SIS") could not

be used to enhance punishment under then-section 577.023.14 RSMo. (2000 and Supp.2004).[2] *Id.*

At the time of the offense charged in this case, section 577.023 contained these definitional provisions, which clearly include a municipal-court BAC conviction:

1.  For purposes of this section, unless the context clearly indicates otherwise:

\* \* \*

(3) An "intoxication-related traffic offense" is driving while intoxicated, *driving with excessive blood alcohol content*, involuntary manslaughter pursuant to subdivision (2) or (3) of subsection 1 of section 565.024, RSMo, murder in the second degree under section 565.021, RSMo, where the underlying felony is an intoxication-related traffic offense, assault in the second degree pursuant to subdivision (4) of subsection 1 of section 565.060, RSMo, assault of a law enforcement officer in the second degree pursuant to subdivision (4) of subsection 1 of section 565.082, RSMo, or driving under the influence of alcohol or drugs in violation of state law or a county or municipal ordinance, where the defendant was represented by or waived the right to an attorney in writing;

(4) A "persistent offender" is one of the following:

(a) A person who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses;

\* \* \*

(5) A "prior offender" is a person who has pleaded guilty to or has been found guilty of one intoxication-related traffic offense, where such prior offense occurred within five years of the occur-

---

2.  At the time of the offense charged in *Turner*, section 577.023.14 RSMo. (2000 and Supp.

2004) contained language identical to section 577.023.16 RSMo. (Supp.2005).

rence of the intoxication-related traffic offense for which the person is charged." (Emphasis added).

But the same statute also contained this subsection, which makes no mention of a municipal-court BAC conviction:

16. Evidence of prior convictions shall be heard and determined by the trial court out of the hearing of the jury prior to the submission of the case to the jury, and shall include but not be limited to evidence of convictions received by a search of the records of the Missouri uniform law enforcement system maintained by the Missouri state highway patrol. After hearing the evidence, the court shall enter its findings thereon. *A conviction of a violation of a municipal or county ordinance in a county or municipal court for driving while intoxicated or a conviction or a plea of guilty or a finding of guilty followed by a suspended imposition of sentence, suspended execution of sentence, probation or parole or any combination thereof in a state court shall be treated as a prior conviction.*

(Emphasis added).

Thus, section 577.023.1(3), defining "intoxication-related traffic offense," and section 577.023.1(4)(a), defining "persistent offender," purport to permit the use of municipal-court BAC convictions to enhance punishment, while section 577.023.16 does not include such a conviction among those that a court can use for that purpose. Sections 577.023.1(3) and (4)(a) expressly address the offense in question— the defendant's 1994 guilty plea to BAC in the St. Louis County Municipal Court. Section 577.023.16 also addresses the municipal BAC offense, "albeit by necessary implication." *See Turner*, 245 S.W.3d at 828.

"The last sentence of subsection [16] delineates those offenses that 'shall be treated as a prior conviction' in order to enhance punishment." *Id.* The list expressly includes "[a] conviction of a violation of a municipal or county ordinance in a county or municipal court for *driving while intoxicated.*" Section 577.023.16 (emphasis added). The list does not include a plea of guilty to BAC in municipal court. *See id.* The necessary implication is that a guilty plea to BAC in municipal court cannot be treated as a prior conviction in order to enhance punishment. *See Turner*, 245 S.W.3d at 828. The *Turner* Court reasoned that:

[T]he list does not include a plea of guilty or a finding of guilty followed by a suspended imposition of sentence in *municipal* court, which is not a conviction. The necessary implication, then, is that a municipal plea of guilty followed by a suspended imposition of sentence cannot be used to enhance punishment.

*Id.* (Emphasis in original). Therefore, we follow the Supreme Court's decision in *Turner*, and likewise apply the rule of lenity to conclude that a municipal-court BAC cannot be treated as a prior conviction under section 577.023.16 for punishment-enhancement purposes.

We note that our Western District colleagues reached a congruent conclusion in *Denbow v. State*, 309 S.W.3d 831 (Mo.App. W.D.2010). In *Denbow*, the Court concluded that the pre–2008 version of section 577.023 plainly allowed use of a state-court BAC conviction for punishment-enhancement purposes. 309 S.W.3d at 833–35. But the Court also observed that subsection 16 limits prior municipal-court convictions available for sentence enhancement to those for DWI. *Id.* at 834–36. The *Denbow* Court concluded that "[A]s in *Turner*, we assume that the legislature intentionally chose to define the prior convictions which justified sentence enhancement differently, depending on the court in

which those prior convictions were entered." *Id.* at 836.

The State advances numerous attacks on this extension of *Turner*'s reasoning. We shall address each in turn.

The State initially contends that *Turner* does not govern this case because *Turner* did not deal with municipal-court BAC convictions. While this rather narrow observation may be true, we are bound to follow *Turner*'s reasoning, which is that a disposition not expressly delineated in section 577.023.16 cannot, by necessary implication, be treated as a prior conviction in order to enhance punishment. Because section 577.023.16 does not include municipal-court BAC offenses among the dispositions a court can use to enhance punishment, *Turner* requires us to conclude that prior municipal-court BAC offenses cannot be used to enhance punishment under section 577.023, as in effect at the time of the offense charged in this case.

Second, the State argues that *Turner*'s holding should not be expanded to apply to municipal-court BAC convictions because the legislature amended the statute shortly after the *Turner* decision. The State asserts that the legislature's 2008 amendment, made soon after *Turner*, "demon-

strate[s] that *Turner* is not a reliable guide to the statutory construction of section 577.023." The legislature amended the last sentence of section 577.023.16 RSMo. (Supp.2008) to provide that:

> A plea of guilty or a finding of guilt followed by incarceration, a suspended imposition of sentence, suspended execution of sentence, probation or parole or any combination thereof in any intoxication-related traffic offense in a state, county or municipal court or any combination thereof, shall be treated as a prior plea of guilty or finding of guilt for purposes of this section.[3]

The State asks us to presume that the 2008 amendment was a direct response to *Turner*. But we do not know whether the legislature intended to abrogate *Turner*'s holding or simply to change the law. The State points to nothing in the legislative record to cause us to draw the inference the State urges. Therefore, we decline to do so.

Third, the State seeks to escape the holding of *Turner* by arguing that other canons of statutory construction resolve the statute's ambiguity, so the rule of lenity should not apply. While *Turner* addressed a clear conflict between the terms

3. The legislature again amended this sentence in 2009 to add the words "a fine," after the word "incarceration." Section 577.023.16 RSMo. (Supp.2009). The amended language remains confusing. First, this last sentence is out of place in subsection 16, which otherwise is procedural in instructing the court when and in what manner to hear evidence to make its repeat-offender determination. Second, it serves no discernible purpose. The relevant offenses are listed in the definitional instructions for "intoxication-related traffic offense," "persistent offender," and "prior offender." Third, the statute remains ambiguous. Subsection 16's current language indicates that a plea of guilty or a finding of guilt, when "followed by" certain dispositions, triggers the enhancement of sentences. But the definitional instructions make clear that it is only

the plea or finding of guilty that is relevant. The definitional instructions make no mention of the disposition of the prior charge. Thus, a defendant who pleaded to DWI and then committed a new DWI while awaiting sentencing on the first DWI could be properly charged as a prior offender under the definitional instructions. But such a defendant, given the wording of Subsection 16, would not be a prior offender because the disposition of his prior plea of guilty had not occurred before he committed the new offense. Previous sentences or other dispositions are immaterial to the prior– and persistent-offender determination and resulting sentence enhancement in the general felony context, from which section 577.023 borrowed its procedural subsections. *See* sections 558.016 RSMo. (Supp.2009) and 558.021 RSMo. (2000).

"suspended imposition of sentence" and "conviction," the State first asserts, no such clear conflict exists in this case in reading "driving while intoxicated" to include "driving with excessive blood-alcohol content." But we have already identified a clear conflict. Section 577.023.1(3), defining "intoxication-related traffic offense," and section 577.023.1(4)(a), defining "persistent offender," purport to permit the use of municipal-court BAC convictions for sentence enhancement, while section 577.023.16 does not include such a conviction.

Third, the State urges us to resolve any ambiguity by looking at the statute as a whole, and specifically at the definition of intoxication-related traffic offense. However, the Supreme Court has already concluded that examination of the whole act does not allow us to discern the legislature's intent with regard to section 577.023. In *Turner*, the Supreme Court specifically determined, "But these [other canons of construction], too, are fruitless, because the purpose of the act and the problem to be remedied are the essence of the ambiguity itself." 245 S.W.3d at 829. The statute as a whole sets forth conflicting solutions, one that includes all intoxication-related traffic offenses in determining persistent-offender status and one that does not. As the *Turner* court remarked it is "difficult to ascertain the problem to be remedied where the statute sets out conflicting solutions." *Id.*

Fourth, the State argues that we must presume the legislature did not intend absurd results by allowing the use of municipal-BAC convictions to determine persistent-offender status while simultaneously prohibiting their use to prove persistent-offender status for punishment enhancement. Yet the *Turner* Court concluded with regard to municipal SIS dispositions what we conclude as regard municipal BAC convictions. And the *Turner* court expressed no concern that its resolution was absurd. The Court here, as in *Turner*, is faced with an ambiguous statute. The fact that a statute is inexact is certainly unfortunate. But that misfortune is not of the judiciary's making. The Court must resolve the ambiguity, here by the rule of lenity. It is not absurd for a Court to choose between the two ambiguous meanings present in a statute. In essence, the State fails to distinguish between an absurd result, which this is not, and an undesirable result, which this may be.

The State grasps for its flimsiest straw by contending that BAC is merely a species of DWI. The State urges us to construe the intoxication-related offense statutes *in pari materia*. Given that a blood-alcohol content greater than .10 percent constitutes prima facie evidence of intoxication,[4] the State argues, BAC is simply a type of driving while intoxicated. We reject this novel contention. If it were true, then the legislature would have had no reason to separately identify both "driving while intoxicated" and "driving with excessive blood alcohol content" as "intoxication-related traffic offense" in section 577.023.1(3).

We do find, however, one canon of construction that proves helpful. The maxim *expressio unius est exclusio alterius* means the expression or inclusion of one thing implies the exclusion of the other or of the alternative. BLACK'S LAW DICTIONARY 602 (7th ed.1999). The maxim teaches that where a statute designates a form of conduct, its manner of performance and

---

4. Section 577.037.1 RSMo. (Supp.1993), the version of the statute in effect at the time of the defendant's municipal-BAC offense.

operation, and the persons and things to which it refers, there is an inference that all omissions are understood as exclusions. 2A Norman J. Singer & J.D. Shambie Singer, Statutes and Statutory Construction sec. 47:23 at 398–404 (7th ed.2007). When the items expressed are members of an associated group or series, they justify the inference that the legislature deliberately excluded items not mentioned. 2A *id.* at 405–12. A statute that provides a thing shall be done in a certain way—such as counting municipal convictions for DWI as prior convictions for punishment enhancement—implicitly prohibits doing that thing any other way—such as counting municipal convictions for BAC as prior convictions. 2A *id.* at 412–13.

The maxim's force is strengthened where a thing is provided in one part of the statute and omitted in another, 2A *id.* at 417, which is precisely the conflict we confront. On one hand, section 577.023.1(3) lists the specific offenses that constitute intoxication-related traffic offenses, including BAC. On the other hand, section 577.023.16 omits municipal-court BACs from those offenses it identifies as prior convictions for punishment enhancement. *Turner*, 245 S.W.3d at 828. Thus, the canon of *expressio unius est exclusio alterius* reinforces our conclusion that prior municipal-court BAC offenses cannot be used to enhance punishment under section 577.023.16.

Essentially, the Supreme Court decided *Turner* on the basis of *expressio unius est exclusio alterius.* The logic of the maxim underlies the Supreme Court's determination that certain dispositions, there a municipal-court SIS, were excluded by necessary implication from subsection 14, now subsection 16, because such dispositions were not listed therein. *Id.*

Finally, arguing that section 577.023.16 is procedural only, the State asserts that the 2008 version of subsection 16 applied to the defendant's trial in July 2008. We disagree. Section 1.160 RSMo. (Supp. 2009) provides that:

> *No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment,* but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except that all such proceedings shall be conducted according to existing procedural laws.[5]

(Emphasis added.) Thus, only if section 577.023.16 is a procedural provision can the 2008 amendment apply to the defendant's trial and allow for enhanced punishment. Subsection 16, however, contains both procedural and substantive elements. But *Turner* construed the last sentence of what is now subsection 16 to be substantive when it declared that it "delineates those offenses that 'shall be treated as a prior conviction' in order to enhance punishment." 245 S.W.3d at 828. We are bound by the Supreme Court's interpretation, and cannot apply the 2008 amendment to the defendant's case.

Because section 577.023.16 excludes by necessary implication municipal-court BACs and thus conflicts with other parts of section 577.023, the statute is ambiguous. In accordance with *Turner,* we apply the rule of lenity, and hold that the defendant's 1994 municipal-court BAC cannot be treated as a prior conviction in order to enhance his punishment pursuant to sec-

---

**5.** The legislature adopted the current version of section 1.160 in 2005, and this language was in effect at the time of the defendant's 2008 trial.

tion 577.023.16. Without consideration of the municipal-BAC offense, the defendant does not qualify as a persistent offender pursuant to section 577.023.1(4)(a). Likewise, the defendant does not qualify as a prior offender pursuant to section 577.023.1(5) because his remaining intoxication-related traffic offense occurred more than five years before the charged DWI.

### The Defendant's Remedy

■ We have determined that section 577.023.16 does not allow the trial court to treat the defendant's municipal-court BAC as a conviction for punishment-enhancement purposes as a persistent offender. We have also determined that, without consideration of the municipal-court BAC, the defendant does not qualify as a prior offender under section 577.023.1(5). We now must resolve the question of the proper remedy.

Two principal consequences accompany a repeat-offender finding for intoxication-related traffic offenses. A defendant becomes subject to an enhanced sentence for a second or subsequent intoxication-related traffic offense. Section 577.023. Here, the defendant was charged with, and sentenced for, a class-D felony rather than for a class-B misdemeanor. A prior– or persistent-offender also loses the right to a jury-recommended sentence. Section 577.023.13. Injury-recommended sentencing, the jury sets the ceiling on the sentence that a defendant will receive. *State v. Emery*, 95 S.W.3d 98, 102 (Mo. banc 2003). The judge can impose a lesser sentence, but cannot exceed the punishment the jury recommends. *Id.*

The defendant requests that we remand for jury-recommended sentencing. He argues that he repeatedly objected to the use of the municipal-court BAC to enhance the instant DWI charge to a class-D felony along with the corresponding exposure to felony penalties. The State counters that, in the event this Court reverses the judgment and remands for sentencing, then the trial court is entitled to sentence the defendant without a jury recommendation. Citing *Emery*, the State argues that the defendant waived his right to a jury-recommended sentence because he neither asserted a right to jury-recommended sentencing nor objected to judge-imposed sentencing without a jury recommendation.

In *Emery*, the State charged the defendant as a prior and persistent offender pursuant to sections 558.016 and 557.036.4 RSMo. (2000), but then failed to present any evidence of the defendant's alleged prior felony DWI offenses. *Id.* at 100. Nonetheless, the trial court sentenced Emery without a jury recommendation as to sentence, in the manner prescribed for a prior or persistent offender. *Id.* at 99. The defendant did not address either the prior– and persistent-offender issue or his right to jury-recommended sentencing in the trial court. *Id.* at 102–03. The Supreme Court remanded the case for resentencing, but held that the State could not have a second chance to prove Emery's prior– or persistent-offender status because to do so would violate the timing requirements of section 558.021.2 RSMo. (2000). *Id.* at 101–02.

The Court further determined that Emery was not entitled to jury-recommended sentencing on remand because he waived that right when he allowed the judge to determine his sentence without raising his right to a jury recommendation. *Id.* at 102–03. The Court reasoned that had Emery timely raised the issue of the State's failure to offer evidence of his prior– and persistent-offender status, the State could have offered appropriate evidence, which if proved, would have subjected Emery to a

greater sentence. *Id.* at 103. Emery, however, "chose to sit on his statutory right," and thus waived his right to jury-recommended sentencing. *Id.*

But in *State v. Teer*, 275 S.W.3d 258 (Mo. banc 2009), the Supreme Court remanded for resentencing in accordance with the jury's recommendation where the trial court made an untimely prior-offender finding. *Id.* at 262. The State moved to amend the information during trial to charge Teer as a prior felony offender. *Id.* at 260. Unlike the defendant in *Emery,* but like the defendant in the instant appeal, Teer objected to the State's efforts to classify him as a prior offender. *Id.* at 263 (Fischer, J., concurring). The trial court sustained the State's motion while the jury deliberated. *Id.* at 260. The jury then returned its verdict and recommended sentences on each of five counts. *Id.* Thereafter, the trial court found that Teer was a prior offender and sentenced him to far longer terms of imprisonment on each count. *Id.* The Supreme Court reversed the judgment as to Teer's sentences because section 558.021.2 RSMo. (1994) provided that prior-offender status must be pleaded and proved before the court submitted the case to the jury. *Id.* The Court reversed and remanded for resentencing consistent with the jury's recommendation, and free from the sentence enhancement applicable to a repeat offender. *Id.* at 262.

The instant case is distinguishable from *Emery* and more akin to *Teer.* In *Emery,* the defendant failed to present to the trial court either the State's lack of evidence of prior– and persistent-offender status or his right to jury-recommended sentencing. *Id.* at 102–03. Thus, Emery waived his right to jury-recommended sentencing and failed to preserve the issue for appellate review. But here, the defendant, like Teer, objected in the trial court to the sufficiency of the State's evidence to support a persistent-offender finding. Indeed, he repeated his objections. The defendant moved to strike that portion of the information charging him as a persistent offender based on his municipal-court BAC. He maintained a continuing objection during trial. He included the issue in his motions for judgment of acquittal at the close of the State's evidence and at the close of all the evidence. He raised the issue in his motion for new trial, wherein he expressly objected to the use of the municipal offense to enhance the charge against him and to expose him to felony penalties. Again, one of the two principal consequences resulting from enhancing the charge against the defendant from a class-B misdemeanor to a class-D felony was the loss of jury-recommended sentencing. We construe his objection to the proof of his prior– and persistent-offender status to include an objection to his loss of jury-recommended sentencing. The defendant did not sit on his statutory rights and did not waive his right to a jury-recommended sentence. Furthermore, the defendant clearly suffered prejudice because the court sentenced him to three years' imprisonment for class-D felony DWI rather than for a term not to exceed six months for class-B misdemeanor DWI. Section 558.011. Thus, we conclude that the defendant is entitled to a jury-recommended sentence on remand.

### Conclusion

We reverse the judgment as to the defendant's sentence for class-D felony DWI, and remand for jury-recommended sentencing within the range of punishment for the class-B misdemeanor of driving while intoxicated. In all other respects, we af-

firm the judgment.[6]

GLENN A. NORTON, P.J. and MARY K. HOFF, J., concur.

6.  We thank both counsel for the State and the defense for the superior quality of their briefs and argument.