Jason L. MCCOLLUM, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 30051.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 24, 2010.

Margaret M. Johnston, Columbia, for Appellant.

Chris Koster, Atty. Gen., Richard A. Starnes, Jefferson City, for Respondent.

ROBERT S. BARNEY, Presiding Judge.

Appellant Jason L. McCollum ("Movant") appeals the motion court's denial following an evidentiary hearing of his "First Amended Motion to Vacate, Set Aside or Correct the Judgment or Sentence" filed pursuant to Rule 24.035.[1] We affirm the judgment of the motion court.

The record reveals Movant was charged by "Information" on March 3, 2008, with one count of the Class D felony of driving while intoxicated, a violation of section 577.010, RSMo 2000. As Movant had two prior "intoxication-related traffic offenses," he was charged as a persistent offender under section 577.023.1(4)(a), RSMo Cum. Supp.2005.[2] His prior charges stemmed

---

1. All rule references are to Missouri Court Rules (2009).

2. We note that in his brief Movant argues section 577.023.1(4), RSMo Cum.Supp.2007, is the statute under which Movant was charged; however, this Court was unable to locate any such statute. The statute at issue was altered in 2005 such that those changes went into effect on September 15, 2005, and it was again changed in 2008 with those changes going into effect on July 3, 2008. As Movant was charged in early March of 2008,

from a guilty plea on December 6, 2007, to driving while intoxicated in Stoddard County and a guilty plea on April 27, 1999, in St. Louis County Circuit Court, Chesterfield Municipal Division, to driving with excess blood alcohol content. On March 5, 2008, pursuant to a plea agreement, Movant pled guilty to the charged offense of driving while intoxicated.

At the guilty plea hearing, Movant stated he understood the charges against him; that he had discussed pleading guilty with his attorney; that he did not desire to proceed to trial; and that he understood he was waiving certain rights by pleading guilty. The State then set out the factual basis for the plea and noted he was also charged as a persistent offender because "he pled guilty to DWI ... in Stoddard County on December 6th of 2007 and in the Circuit Court of St. Louis County, Chesterfield Municipal Division, on April the 27th of 1999." Movant agreed with the facts as stated by the State. The plea court then accepted Movant's guilty plea and sentenced him per the plea agreement to four years in the Department of Corrections pursuant to section 577.023.3, RSMo Cum.Supp.2005, with placement in an Institutional Treatment Center under section 559.115, RSMo Cum.Supp.2005. Appellant was later released from the Department of Corrections "effective July 10, 2008, and placed on supervised probation for a period of three (3) years from the date of release, subject to the terms and conditions in the attached order."

On July 14, 2008, Movant filed a *pro se* Rule 24.035 motion. Thereafter, the motion court appointed counsel to represent Movant and an amended Rule 24.035 motion was filed on October 31, 2008. In his motion Movant alleged that "the prior alcohol related offenses used did not qualify for enhancement purposes" due to the decision in *Turner v. State,* 245 S.W.3d 826 (Mo. banc 2008),[3] and "the State failed [t]o certify any of the prior offenses for enhancement purposes."

An evidentiary hearing was held on Movant's Rule 24.035 motion on June 25, 2009. On direct examination Movant testified that in relation to his previous Chesterfield conviction he had received probation and was not incarcerated. However, on cross-examination, the State produced a certified copy of his Chesterfield conviction and Movant then testified that he paid a $500.00 fine, court costs in the amount of $106.00, and "the judge entered a conviction on [his] record."[4] Movant then admitted that he "knew [he had] been convicted twice of prior either DWI or excess BAC."

His plea counsel, Russell Oliver ("Mr. Oliver"), testified that the Supreme Court's opinion in *Turner* was released the day before Movant pled guilty and was sentenced in the present matter. He also related he read the opinion "about a week or maybe two after [Movant] pled guilty" and he "immediately" thought of Movant's case. He related he went to the courthouse, reviewed Movant's file again, and noted there was nothing in the record

the 2005 amendment to section 577.023.1(4) is the applicable statute in the present matter.

**3.** *Turner* was decided on March 4, 2008, the day prior to Movant's guilty plea. In *Turner,* the Supreme Court of Missouri held that "the use of prior municipal offenses resulting in a[ suspended imposition of sentence ("SIS")] cannot be used to enhance punishment under section 577.023." *Id.* at 829.

**4.** The certified copy of this conviction, which was entered into evidence at the evidentiary hearing, reflects the following disposition: "[Movant] entered a plea of guilty to the amended charge of Excessive B.A.C. [Movant] paid fine of $500.00 and court costs of $106.00. Conviction entered on record."

stating either the Stoddard County conviction or the Chesterfield conviction involved an SIS. He stated the file clearly indicated Movant paid a fine in the Chesterfield case and "if he had paid a fine, unless it was entered into the certified record wrong, that a fine would not be imposed on a SIS, that there would only [have been] court costs." He stated he interpreted *Turner* to apply "only to municipal SIS convictions" and since there was no municipal SIS conviction in Movant's history he found it was inapplicable to Movant's situation.

The motion court subsequently denied Movant's amended Rule 24.035 motion on July 1, 2009. This appeal followed.

■ In his sole point relied on, Movant asserts the motion court "clearly erred in denying [his] Rule 24.035 motion after a hearing, because [Movant] was given a sentence in excess of the maximum sentence authorized by [section] 577.023, [RSMo Cum.Supp.2005], in violation of his rights . . . and . . . due process of law. . . ." Specifically, he asserts the motion court's decision was in error because

> one of the alleged prior intoxication-related offenses was a municipal BAC, and the record does not conclusively prove that it did not ,result in a [SIS], which cannot be used under Missouri case law and the statute in effect at the time of the charged offense; [Movant] was prejudiced because without the prior municipal offense, the most that [Movant] could be convicted of and sentenced for was a class A misdemeanor, punishable by only jail time, yet [Movant] received a felony conviction with a four-year prison sentence.

■ "Appellate review of the denial of a Rule 24.035 motion for [postconviction] relief is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous." *Boyd v. State*, 205 S.W.3d 334, 338 (Mo.App.2006); *see* Rule 24.035(k). "Findings and conclusions are clearly erroneous only if, after a review of the entire record, we are left with the 'definite and firm impression that a mistake has been made.'" *Morehead v. State*, 145 S.W.3d 922, 927 (Mo.App.2004) (quoting *Rice v. State*, 988 S.W.2d 556, 558 (Mo.App.1999)). We presume the motion court's findings and conclusions are correct. *Butts v. State*, 85 S.W.3d 132, 134 (Mo.App.2002). Movant bears the burden of proving the grounds asserted for postconviction relief by a preponderance of the evidence. *Morehead*, 145 S.W.3d at 927; *Huth v. State*, 976 S.W.2d 514, 516 (Mo.App.1998).

Here, Movant's entire argument centers on his assertion that the State failed to prove he *did not* receive a SIS on the Chesterfield conviction. However, Movant misunderstands the fact that it was it was his burden, not the State's, to prove that he *did* receive an SIS on the Chesterfield conviction and that his sentence was improperly enhanced. *See Morehead*, 145 S.W.3d at 927. Movant presented no such evidence. In fact, he ultimately admitted he received a fine and a conviction. Likewise, the documentation supplied by the State relating to the Chesterfield conviction is absent of a reference to an SIS being imposed, and Movant did not provide any documentation to the contrary. Movant has failed to overcome the presumption that the motion court's ruling was correct in that he has failed to meet his burden of proof. *See Butts*, 85 S.W.3d at 134. The motion court's determination was not erroneous. Point denied.

The judgment and findings of the motion court are affirmed.

LYNCH, and BURRELL, JJ., concur.