William E. HUCK, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 94584.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 26, 2011.

Alexandra Johnson, Missouri Public Defender Office, Assistant Public Defender, St. Louis, MO, for Appellant.

Chris Koster, Attorney General, Richard A. Starnes, Assistant Attorney General, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

## Introduction

William Huck (Huck) appeals from the motion court's judgment denying his Rule 24.035 motion for post-conviction relief on the merits, without an evidentiary hearing. Charged in three separate cases, Huck pled guilty to a total of two counts of statutory sodomy in the first degree, in violation of Section 566.062, and five counts of child molestation in the first degree, in violation of Section 566.067. Huck was sentenced as a predatory sexual offender to six concurrent life sentences and a concurrent seven-year sentence. The plea court imposed a minimum sentence of life for each sodomy conviction and fifteen years for each class B felony of first-degree child molestation. The three cases were consolidated into one for purposes of this appeal.

The predatory sexual offender statute permits the sentencing judge to establish a minimum sentence before a defendant convicted under the statute is eligible for parole. Huck argues that the plea court's imposition of a life sentence as the minimum sentence he must serve before becoming eligible for parole in actuality deprives him of the opportunity for parole, in contravention of the requirements of the predatory sexual offender statute. Finding no clear error, we affirm the motion court's decision.

## Factual and Procedural Background

The State of Missouri (State) charged Huck as a predatory sexual offender in the

Circuit Court of St. Francois County in three different cases with a total of thirty six crimes against seven different child victims. On February 20, 2009, Huck pled guilty to one crime committed against each of the seven child victims: two counts of first-degree statutory sodomy and five counts of first-degree child molestation.

At the plea hearing, Huck admitted committing several sexual acts against children ranging from an infant of about three months old to the age of less than fourteen years. The parties announced at the plea hearing that Huck was pleading guilty to concurrent terms of life imprisonment as a predatory sexual offender and that the State would remain silent on the number of years Huck would have to serve on his sentence before becoming eligible for parole under the predatory sexual offender statute. Huck testified that he understood that he could receive a life sentence for the offenses and that although parole is available under the statute, it was up to the court to determine the minimum number of years he would serve before parole could be granted. Huck testified that he understood the normal range of punishment for statutory sodomy was ten years to life, and the normal range for first-degree child molestation was five years to fifteen years. Huck testified that he fully understood the plea agreement meant that he was receiving six life sentences and a seven-year sentence for the class C felony of child molestation. Huck understood the only issue to be determined by the plea court was the minimum length of time he would be required to serve before becoming eligible for parole.

During the sentencing hearing, the State presented victim impact statements, but announced that in accordance with the plea agreement, the State would remain silent as to the remainder of the sentencing on the minimum amount of time Huck was required to serve before parole eligibility. Huck's counsel asked the court to sentence Huck to a term of years with the possibility of parole.

For each of the two first-degree statutory sodomy offenses, Huck was sentenced as a predatory sexual offender to a term of life in prison, without eligibility for parole for life, pursuant to Section 558.018.7(5). For the class C felony of first-degree child molestation, Huck was sentenced as a predatory sexual offender to serve a term of seven years, and for the remaining four counts of the class B felony of first-degree child molestation, four terms of life in prison without parole eligibility for fifteen years. All sentences were to run concurrently.

Thereafter, Huck filed a timely motion to vacate, set aside or correct the judgment or sentence, pursuant to Rule 24.035. He was appointed counsel, who filed an amended motion, arguing that Huck's sentence violated due process because it did not comply with the predatory sexual offender sentencing statute. Huck argued that the statute guaranteed him eligibility for parole as a "predatory" sexual offender, and required the sentencing court to set an actual number of years as the minimum number of years for parole eligibility. Huck claimed that the "minimum" life sentence imposed by the plea court denies him any opportunity for parole, and is indistinguishable from persistent sexual offender status, which does not permit parole.

On February 10, 2010, the motion court denied Huck's post-conviction relief without an evidentiary hearing. Absent any new information raised in Huck's amended motion, the motion court found a hearing was not required. The motion court concluded that the minimum term of life imprisonment, which the plea court ordered Huck to serve prior to parole eligibility,

was authorized by statute because the minimum term of years for parole eligibility is drawn from the range of punishment for the crime upon which Huck was convicted, and life imprisonment is a permissible number of years for a sentence for statutory sodomy in the first degree.

This appeal follows.

## Point on Appeal

In his sole point on appeal, Huck alleges the motion court clearly erred when it denied his motion for post-conviction relief without an evidentiary hearing because Huck alleged facts that were not conclusively refuted by the record, and which, if proven, would entitle him to relief in that Huck was denied his rights to due process, as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution. Huck contends that he unwittingly pled guilty to the maximum sentence allowed, ultimately receiving no benefit for his bargain. Huck argues that the motion court's findings leave a definite and firm impression that a mistake was made because the plea court effectively sentenced Huck as a persistent sexual offender rather than a predatory sexual offender. By requiring Huck to serve a life sentence before becoming eligible for parole, Huck contends the plea court ignored the statutory mandate that a minimum prison term prior to eligibility for parole be "set in years."

## Standard of Review

■ We review a denial of post-conviction relief to determine whether the motion court's findings and conclusions are clearly erroneous. *Forrest v. State*, 290 S.W.3d 704, 708 (Mo. banc 2009). Findings and conclusions are clearly erroneous

if, upon review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Gehrke v. State*, 280 S.W.3d 54, 56–57 (Mo. banc 2009). Matters of statutory interpretation raise questions of law, which are reviewed *de novo*. *Denbow v. State*, 309 S.W.3d 831, 834 (Mo.App. W.D.2010). The motion court does not clearly err in denying an evidentiary hearing when the issue is a question of law. *Forrest v. State*, 290 S.W.3d 704, 717 (Mo. banc 2009).

## Discussion

■ In arguing that the motion court effectively sentenced Huck as a *persistent* sexual offender rather than a *predatory* sexual offender, Huck claims that the court has confused the application of the statute, Section 558.018.[1] Huck argues that his sentence conflicts with the specific requirements regarding parole eligibility of a predatory sexual offender, and should be distinguished from the statute's requirements for a persistent sexual offender. We disagree.

The primary objective of statutory interpretation is to ascertain the intent of the legislature and give effect to that intent as it is reflected in the plain language of the statute. *Denbow*, 309 S.W.3d at 834. Where a statute's language is clear and unambiguous, there is no room for construction. *Wolff Shoe Co. v. Dir. of Revenue*, 762 S.W.2d 29, 31 (Mo. banc 1988). In determining whether the language is clear and unambiguous, the standard is whether the state's terms are plain and clear to a person of ordinary intelligence. *Id.*

In this Court's analysis, we first review the applicable statutes. Huck was charged and sentenced as a predatory sexual offender, in accordance with Section

1. All subsequent statutory citations are to RSMo 2000, unless otherwise indicated.

558.018.7(5). The pertinent part of this section reads as follows:

Notwithstanding any other provision of law, the court shall set the minimum time required to be served before a predatory sexual offender is eligible for parole, conditional release or other early release by the department of corrections. The minimum time to be served by a person found to be a predatory sexual offender who:

(5) Is found to be a predatory sexual offender pursuant to subdivision (2) or (3) of subsection 5 of this section shall be any number of years within the range to which the person could have been sentenced pursuant to the applicable law if the person was not found to be a predatory sexual offender.

A predatory sexual offender under subdivision (2) of subsection 5 is one who has previously committed an act which would constitute an offense listed in subsection 4 of this section [the felony of forcible rape, statutory rape in the first degree, forcible sodomy, statutory sodomy in the first degree, or an attempt to commit any of the preceding crimes or child molestation in the first degree when classified as a class B felony or sexual abuse when classified as a class B felony], whether or not the act resulted in a conviction.

Section 558.018.5(2). A predatory sexual offender under subdivision (3) of subsection 5 is one who has

committed an act or acts against more than one victim which would constitute an offense or offenses listed in subsection 4 of this section, whether or not the defendant was charged with an additional offense or offenses as a result of such act or acts.

Section 558.018.5(3).

Section 558.018.6 delineates that a person found to be a predatory sexual offender

shall be imprisoned for life with eligibility for parole, *however subsection 4 of section 558.019 shall not apply to persons found to be predatory sexual offenders for the purposes of determining the minimum prison term or the length of sentence as defined or used in such subsection.* Notwithstanding any other provision of law, in no event shall a person found to be a predatory sexual offender receive a final discharge from parole.

Section 558.018.6 (emphasis added).

Section 558.019.4(1) provides that a sentence of life shall be calculated to be thirty years. Thus, the provision of law equating "life" with thirty years for purposes of setting a minimum amount of time to be served before parole eligibility does not apply to predatory sexual offenders. Sections 558.018.6, 558.019.4(1).

Under the statutory scheme provided by the legislature, a court sentences a predatory sexual offender by establishing the minimum amount of time the defendant must serve on his sentence before becoming eligible for parole. Section 558.018.7. The plain and unambiguous terms of the statute requires Huck's sentence to reflect the minimum time to be served prior to parole eligibility as "any number of years within the range to which the person could have been sentenced pursuant to the applicable law if the person was not found to be a predatory sexual offender." Section 558.018.7(5).

A person who commits the crime of first-degree statutory sodomy when a victim is less than twelve years old may be sentenced to a term of life imprisonment or a term of years not less than ten years. Section 566.062.2. Because Huck could have been sentenced to a term of life imprisonment following his conviction of

first-degree statutory sodomy with a person less than twelve years old, the sentencing court appropriately considered a term of life imprisonment as the minimum time Huck must serve before he is eligible for parole. The sentencing court's sentence of life imprisonment with the minimum time to be served as "life" before parole eligibility adheres to the plain and unambiguous statutory scheme regulating Huck's sentence as a predatory sexual offender.

Huck argues that the minimum time imposed by the sentencing court must be expressed as a definite term of years, and "life imprisonment" is not a term of years. Huck's argument fails with a closer analysis of Section 558.018.7, which differentiates by offense the minimum times to be served by a predatory sexual offender before becoming eligible for parole. Section 558.018.7(1) requires a minimum time of 30 years. Sections 558.018.7(2), (3) and (4) require a minimum time of 15 years. Only Section 558.018.7(5) allows the minimum time for parole eligibility to be expressed in terms of the underlying sentence. Had the legislature intended the minimum parole eligibility for predatory sexual offenders under Section 558.018.7(5) to be limited to a specific term of years, it could have plainly stated such as it did in the preceding subsections of this statute. It did not. The term of "life imprisonment" before parole eligibility is in fact "any number of years within the range to which [Huck] could have been sentenced pursuant to the applicable law [of first-degree statutory sodomy] if the person was not found to be a predatory sexual offender." Section 558.018.7(5). While the sentence imposed by the sentencing court will, as a practical matter, deny Huck the possibility of release, the sentence falls within the discretionary parameters allowed to the sentencing court, and is consistent with the statutory requirements of Section 558.018.7 that the sentence be imposed "with eligibility for parole."

In contrast to the statutory scheme regulating sentencing of a predatory sexual offender, Section 558.018.3 provides that a persistent sexual offender be imprisoned "for life without eligibility for probation or parole." Huck claims that, in essence, he was sentenced as a persistent sexual offender and denied parole even though he was convicted as a predatory sexual offender, and is entitled to parole eligibility after a certain number of years, not just natural life. Huck's argument fails to recognize the distinction between the statutory schemes for predatory and persistent sexual offenders. A court is denied any discretion when sentencing a persistent sexual offender to life imprisonment without the possibility of parole. However, a court retains discretion as to a defendant's opportunity for parole when sentencing a predatory sexual offender and setting the minimum term a defendant must serve prior to parole eligibility. Section 558.018.

As explained in a recent Missouri appellate opinion, trial courts have broad discretion in their sentencing function. *State v. Mort*, 321 S.W.3d 471, 485 (Mo.App. S.D. 2010).

> The trial court has a duty to impose a sentence on a case-by-case basis, and to fashion the punishment to both the crime and the criminal. We assume the trial court's experience and expertise enables the trial court to consider appropriate sentencing factors and to disregard improper matters.

*Id.* After reviewing a horrific confession by Huck of numerous sexual crimes against innocent child victims for whom his former wife babysat, and the many lives that he destroyed for indefinite and unknown number of years, we are unwilling to hold that the sentencing court acted beyond the

limits of its discretion in deciding to sentence Huck in a manner that will deny him parole for as long as possible. The trial court not only adhered to the statutory requirements of Section 558.018, but it also acted within its discretion in sentencing Huck to life imprisonment with the minimum number of years to be served before parole eligibility as "life."

■ Finally, Huck alleges that he was entitled to an evidentiary hearing because his understanding of the motion court's statements regarding the minimum and maximum range of punishment was not detailed for the record, particularly as the parties were "parsing out the meaning of the statute as the plea itself was proceeding and the word 'life' had several, distinct legal meanings—distinctions which were not made plain to [ ] Huck." Finding that the issue on appeal here is a legal one, the motion court did not err in denying Huck an evidentiary hearing. *See Forrest*, 290 S.W.3d at 717.

Huck's point on appeal is denied.

*Conclusion*

Finding the motion court did not clearly err, the judgment is affirmed.

ROBERT G. DOWD, JR., J., and RUSSELL E. STEELE, Sp. J., Concur.