**Daniel Timothy CUMMINS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. WD 49958.

Missouri Court of Appeals,
Western District.

Sept. 5, 1995.

Modified to be Published Oct. 26, 1995.

Rose M. Wibbenmeyer, Office of the State Public Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SPINDEN, P.J. and BRECKENRIDGE and SMART, JJ.

SPINDEN, Presiding Judge.

Daniel Timothy Cummins appeared before the circuit court in May 1993 and pleaded guilty to the Class B felony of delivery of a controlled substance. Cummins admitted delivering more than 300 pounds of marijuana to an undercover officer, Thomas Gray, and

John McEvoy, who was a fellow jail inmate with Cummins. After the circuit court accepted his plea of guilty and entered a judgment of conviction, Cummins filed, on October 21, 1993, a Rule 24.035 motion asking the court to set aside his conviction. He amended his motion on November 19, 1993, to contend that the circuit lacked jurisdiction and that his attorney had been ineffective in not challenging the court's jurisdiction.

At a hearing on Cummins' motion, the circuit court heard evidence that negotiation for the marijuana sale began when Cummins was still in jail. Cummins told fellow inmate John McEvoy that he had marijuana which he wanted to sell. McEvoy told him that he knew someone who would give him $22,000. After authorities released McEvoy and Cummins from jail, McEvoy called Cummins with news that he had found a buyer. They agreed to meet at a bar in Atchison, Kansas, to discuss the deal.

Cummins brought a friend, Glen Ramsey, to the meeting. After discussing the deal with the purported buyer, Thomas Gray, a Missouri State Highway Patrol undercover officer, the group drove to Winthrop, Missouri, where Gray showed him the cash. Cummins left Ramsey in Winthrop with one of Gray's associates to guard the money until they returned. Cummins, Gray, and McEvoy returned to Atchison to continue negotiating. After agreeing to sale terms, Cummins took Gray and McEvoy to a farm south of Atchison where they loaded the marijuana into a pickup. Cummins rode in the pickup with Gray and McEvoy back to Missouri to complete the exchange of marijuana and cash. Immediately after Ramsey picked up the money and began walking to his car with Cummins, officers arrested them.

The circuit court correctly ruled that the Missouri courts had jurisdiction to convict Cummins. Section 541.191.1, RSMo 1994, says:

This state has jurisdiction over an offense that a person commits by his own conduct or the conduct of another for which such person is legally accountable if:

(1) Conduct constituting any element of the offense or a result of such conduct occurs within this state; or

(2) The conduct outside this state constitutes an attempt or conspiracy to commit an offense within this state and an act in furtherance of the attempt or conspiracy occurs within this state; or

(3) The conduct within this state constitutes an attempt, solicitation, conspiracy or facilitation to commit or establishes criminal accountability for the commission of an offense in another jurisdiction that is also an offense under the law of this state[.]

The parties dispute whether delivery occurred in Missouri or Kansas. We need not resolve the dispute because § 541.191.1(1) grants Missouri courts jurisdiction if "a result" of any conduct constituting an element of a crime occurs in Missouri. Even if delivery had occurred in Kansas, the result of the delivery (transfer of the money and transportation of the marijuana to Missouri) occurred in Missouri. This satisfied § 541.191.1(1). Moreover, Cummins' going to Winthrop to see the cash, his leaving a cohort there to guard it, the further negotiations in Missouri, and Cummins' relinquishing a claim to the marijuana in Missouri, all vested Missouri courts with jurisdiction pursuant to § 541.191.1(3).

In his second point, Cummins complains that the circuit court did not address his contention that his attorney's representation was ineffective because of the attorney's failure to challenge the jurisdiction of the Missouri courts. Although Cummins is correct, he does not establish how he was prejudiced. He was not. We have reviewed the record and find that Missouri courts had jurisdiction. Remanding the case to the circuit court to make findings of fact and conclusions of law would be meaningless and unnecessary. *Gilliland v. State,* 882 S.W.2d 322, 326 (Mo.App.1994). Only prejudicial error is reversible error. *State v. Simmons,* 875 S.W.2d 919, 924 (Mo.App.1994).

We affirm the judgment of the circuit court in denying Cummins' Rule 24.035 motion to set aside his guilty plea.

All concur.