Dale HOWARD, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 93170.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 26, 2010.

Loyce Hamilton, St. Louis, MO, for appellant.

Shaun Mackelprang, Jayne Woods, Co-Counsel, Jefferson City, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

The movant, Dale Howard, appeals from the motion court's dismissal of his Rule 29.15 motion for post-conviction relief.[1] On appeal, he claims that he was abandoned by his post-conviction counsel, and that the motion court erred by dismissing his motion without issuing findings of facts and conclusions of law. We find that he was not abandoned by his counsel. However, we reverse and remand because the motion court erred by failing to issue findings of fact and conclusions of law.

### Background

A jury found the movant guilty of trafficking drugs in the second degree, pursuant to section 195.223 RSMo (2000). As a prior and persistent offender, he was sentenced to fifteen years imprisonment. His conviction and sentence were affirmed by this court on direct appeal. *State v. Howard*, 233 S.W.3d 764 (Mo.App. E.D.2007). He filed a timely motion for post-conviction relief on January 14, 2008, where he alleged his trial counsel was ineffective for failing (1) to file a motion to quash the search warrant and suppress the resulting evidence, (2) to make an offer of proof at trial as to what Officer Dan Seger's testimony would have been, (3) to object to admission of the crack cocaine, and (4) to request a jury instruction on the lesser included offense of possession of a controlled substance.

The motion court appointed counsel. On March 14, 2008, counsel filed an entry of appearance and requested additional time to file an amended motion. The court gave movant an additional 30 days to file an amended motion. A case review hearing was set for July 7, 2008; however, neither the movant's counsel nor the State appeared. The docket entry indicates that the State called and was not appearing because an amended motion had not been filed. On July 10, 2008, the movant's counsel filed a "Statement in Lieu of Filing an Amended Motion" ("Statement"). The certificate of service is dated April 14, 2008. The State also filed a motion to dismiss, stating that the movant's motion, file and record show there is no genuine issue of material fact, that movant's motion does not state sufficient and required facts, that the record conclusively refutes all movant's allegations and that movant has failed to show that he was prejudiced. The motion court granted the State's motion to dismiss, and denied the movant's request for an evidentiary hearing. The movant filed a motion to rescind the dismissal, claiming that his counsel initially fax-filed the Statement on April 14, 2008, and physically filed the statement on July 10, 2008. This motion was denied. The movant now appeals.

### Standard of Review

We will uphold the motion court's findings and conclusions unless they are clearly erroneous. *Merriweather v. State*, 294 S.W.3d 52, 54 (Mo. banc 2009). "Findings and conclusions are clearly erroneous if, after reviewing the entire record, the appellate court has the definite and firm impression that a mistake has been made." *Id.*

### Discussion

In his first point on appeal, the movant claims he was abandoned by counsel because his counsel failed to file an amended Rule 29.15 motion, failed to appear at the scheduled case review conference, failed to file a timely statement in lieu of filing an amended motion, informed the court that

---

1. All rule references are to Mo. Sup.Ct. R. (2008), unless otherwise indicated.

the statement in lieu of was timely fax-filed, filed a motion to rescind the dismissal, and failed to call the motion up for argument.

Rule 29.15(e) requires that motion court appoint counsel when the movant files a *pro se* motion. "Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence." Rule 29.15(e). If the pro se motion is deficient, appointed counsel must file an amended motion that sufficiently alleges the additional facts and claims. Rule 29.15(e). "If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion." Rule 29.15(e).

"[A]llegations of ineffective assistance of post-conviction counsel are not cognizable unless it amounts to abandonment." *Tabor v. State*, 282 S.W.3d 381, 383 (Mo.App. S.D.2009). Abandonment can occur "when (1) post-conviction counsel takes no action with respect to filing an amended motion and as such the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner." *Gehrke v. State*, 280 S.W.3d 54, 57 (Mo. banc 2009)(quoting *Crenshaw v. State*, 266 S.W.3d 257, 259 (Mo. banc 2008)); *see also State v. DeJournett*, 868 S.W.2d 527, 536 (Mo.App. S.D.1993). If the record does not indicate that the appointed counsel made the determinations required by Rule 29.15(e), there is a presumption that counsel failed to comply

with the rule. *Luleff v. State*, 807 S.W.2d 495, 498 (Mo. banc 1991). To obtain relief when abandoned by counsel, the movant must not be in any way responsible for the failure to comply with the requirements of Rule 29.15. *Gehrke*, 280 S.W.3d at 57. The motion court, at the time for ruling on the post-conviction motion, shall make an inquiry, sua sponte, regarding the performances of both movant and counsel if there is no record of any activity by the counsel on the movant's behalf. *Luleff*, 807 S.W.2d at 498.

In *State v. DeJournett*, the court found that the movant was not abandoned by his appointed counsel because his appointed counsel filed a statement in lieu of an amended motion. 868 S.W.2d at 537. This filing met the requirements of Rule 29.15(e) because appointed counsel reviewed the record, trial file, information supplied by movant and investigated all allegations raised by movant. *Id.* at 536–37. The appointed counsel concluded that there were no additional grounds to be raised before the motion court. *Id.* at 537. The court in *DeJournett* found that the motion court was not required to make a *sua sponte* inquiry into the matter. *Id.*

In this case, the movant was not abandoned by counsel. While his counsel did not file an amended motion, she did file the Statement. In the Statement, movant's counsel asserted that she reviewed the record in the underlying criminal case, including the transcript, the legal file and information supplied by the movant. She also stated that she investigated all allegations in the *pro se* motion and concluded that they were supported by allegations of fact and that there were no additional grounds to be raised. Therefore, Movant's counsel complied with Rule 29.15(e) and provided a meaningful review of the movant's claims.

The trial court did not err by failing to inquire, *sua sponte*, into appointed counsel's performance because the record contained evidence that appointed counsel complied with Rule 29.15(e).

In his second point, the movant claims that the motion court erred by failing to make findings of fact and conclusions of law. Rule 29.15(j) provides: "The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." The motion court's findings and conclusions must be sufficient to allow meaningful appellate review. *Edwards v. State*, 200 S.W.3d 500, 513 (Mo. banc 2006). "The court, however, 'is not required to individually address every claim brought by the movant. Generalized findings are sufficient so long as they permit the appellate court an adequate record for appellate review of movant's claims.'" *Id.* (quoting *Franklin v. State*, 24 S.W.3d 686, 692 (Mo. banc 2000)). When the issue is only one of law, no findings of fact are required. *Id.* Additionally, "an appellate court will not order a useless remand to direct the motion court to enter a proper conclusion of law on an isolated issue overlooked by the motion court where it is clear that movant is entitled to no relief as a matter of law and will suffer no prejudice by being denied a remand." *Crews v. State*, 7 S.W.3d 563, 568 (Mo.App. E.D.1999). "Findings and conclusions are not required upon issues which were not properly raised or are not cognizable in a postconviction motion." *Id.* Finally, reversal is not necessary where the motion itself was insufficient and ineffective. *Id.*

In the case at bar, the movant's *pro se* motion was sufficient, and his allegations were properly raised and are cognizable in a post-conviction motion. The issues raised by the movant's motion are not only questions of law. Additionally, the motion court did not make generalized findings other than dismissing the motion. It did not simply overlook an isolated issue. The motion court's failure to make findings of fact and conclusions of law prevents meaningful appellate review. Therefore, we grant movant's second point and reverse and remand to the motion court for findings of facts and conclusions of law that comply with Rule 29.15(j).

### *Conclusion*

The dismissal of the movant's post-conviction motion is reversed. We remand the cause to the motion to court to make findings of fact and conclusions of law in accordance with Rule 29.15(j).

KATHIANNE KNAUP CRANE, P.J., and CLIFFORD H. AHRENS, J., concur.