

# In the Missouri Court of Appeals
# Eastern District

MICHAEL M. PENNELL, ) ED101708
)
    Appellant, ) Appeal from the Circuit Court
) of Marion County
v. ) Case No. 13MM-CV00190
)
STATE OF MISSOURI, ) Honorable Rachel Bringer Shepherd
)
    Respondent. ) Filed: May 19, 2015

## Introduction

Michael M. Pennell (Movant) appeals from the motion court's judgment denying his motion under Rule 29.15[1] for post-conviction relief after an evidentiary hearing. Movant challenges the motion court's denial, asserting he was abandoned by his post-conviction counsel and his trial counsel was ineffective for failing to properly challenge the trial court's jurisdiction. We affirm.

## Background

A jury convicted Movant of one count of the class B felony of distribution, delivery, or sale of a controlled substance, in violation of Section 195.211, RSMo. (Cum. Supp. 2012). The court sentenced Movant to fifteen years' imprisonment in the Missouri Department of Corrections. This Court affirmed Movant's conviction and sentence on appeal. State v. Pennell, 399 S.W.3d 81 (Mo. App. E.D. 2013).

---

[1] All rule references are to Mo. R. Crim. P. 2014, unless otherwise indicated.

Movant subsequently filed a *pro se* Rule 29.15 Motion asserting ineffective assistance from his pre-trial counsel, his trial counsel, and his appellate counsel. He asserted five grounds of ineffective assistance by his trial counsel, Jim McConnell (McConnell), four grounds of ineffectiveness by appellate counsel, Alexa Pearson (Pearson), and two grounds of ineffectiveness by pre-trial counsel. The motion court appointed counsel on July 31, 2013. On August 23, 2013, Cinda Eichler (Eichler) entered her appearance as appointed counsel for Movant in this matter and requested an extension of time, which the motion court granted. On October 24, 2013, Movant filed a *pro se* motion for abandonment, asserting Eichler had a conflict of interest, in that she knew both McConnell and Pearson because she worked in the same office as McConnell (the public defender's office in Columbia, Missouri) and used to work with Pearson. On November 5, 2013, Eichler filed a Statement in Lieu of Filing a Rule 29.15 Amended Motion (Statement), in which she asserted that, having reviewed the record and discussed the case with Movant, there were no additional claims to be raised. The motion court set the case for a hearing on all pending matters.

At the evidentiary hearing, the motion court first took up Movant's motion for abandonment. Movant repeated his assertion of a conflict of interest and argued that the Statement constituted abandonment. He claimed that although Eichler had stated she had reviewed the record and found no additional claims, he had since reviewed the record and found an additional 10-12 claims, which he had sent to Eichler and the motion court in a letter dated October 6, 2013 (October 6 letter). Moreover, he claimed his *pro se* Rule 29.15 motion had "touch[ed] on" a meritorious jurisdictional issue in the context of another claim, which Eichler should have expanded. In addition, Movant asserted Eichler's Statement was untimely filed. The State called McConnell, who testified he did not work in the same office as Eichler, but was

2

a private attorney with his own law firm in Shelbina, Missouri, who occasionally takes cases from the Missouri Public Defender system; he had never met Eichler. Eichler testified that because she had filed the Statement, she had not abandoned Movant under the law. The court denied Movant's motion for abandonment, finding Eichler had no conflict.

Movant requested a continuance to combine his *pro se* Rule 29.15 motion and his October 6 letter into one amended motion—and to "to make sure there [were not] more claims," due to Rule 29.15(l)'s bar on successive motions. The motion court denied the request, stating Movant had had sufficient time to research and file all the issues. The court then heard testimony on Movant's *pro se* Rule 29.15 motion and the claims in his October 6 letter. Eichler asked the court to take judicial notice of all the claims listed in Movant's pleadings and submitted the claims on the pleadings. Movant also challenged the jurisdiction of the trial court to hear his underlying criminal case, because the crime was committed in Kansas, and thus Missouri courts did not have jurisdiction to prosecute him. Eichler called McConnell and pre-trial counsel, and submitted an affidavit from Pearson, who was unavailable the day of the hearing.

McConnell testified, as relevant to this appeal, that he did not object to the trial court's jurisdiction because he did not believe the objection was appropriate, as Missouri has jurisdiction if any portion of the alleged offense occurred here. Moreover, the State already had the burden to prove that some element of the offense occurred in Missouri, so he did not believe a motion was necessary. He noted that he did file a motion to dismiss and raised the issue at trial and in his motion for new trial, and thus he believed "subject matter jurisdiction was covered as well as it could be." Eichler also questioned McConnell about the remainder of Movant's claims from the *pro se* motion and the October 6 letter.

3

Following the hearing, the motion court denied Movant's *pro se* Rule 29.15 motion. As relevant for appeal, the court concluded that McConnell's decision not to object to jurisdiction did not prejudice Movant, in that he failed to show the result of the trial would have been different. This appeal follows.

## Standard of Review

Appellate review of the denial of a post-conviction motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(k). The motion court's findings of fact and conclusions of law are clearly erroneous only if the reviewing court, having examined the entire record, is left with the definite and firm impression that a mistake has been made. Price v. State, 422 S.W.3d 292, 294 (Mo. banc 2014). We defer to the motion court's superior ability to judge the credibility of witnesses. Bradley v. State, 292 S.W.3d 561, 566 (Mo. App. E.D. 2009).

## Discussion

## Points I & II

In his first point on appeal, Movant argues that the motion court erred in not complying with Rule 29.15, in that the court did not *sua sponte* inquire into the performances of both Movant and Eichler after Eichler abandoned him by filing her Statement out of time. In point two, he argues that the motion court erred in finding Eichler did not abandon Movant, because Rule 29.15(e) requires appointed counsel to investigate the facts and claims in a movant's *pro se* motion, but Eichler failed to ascertain and present justiciable claims missing from Movant's *pro se* motion before filing her Statement and failed to show in the Statement what actions she had taken to ensure Movant's *pro se* Rule 29.15 motion included all the facts and claims it needed to. The same analysis resolves both these points, and thus we address them together and deny both.

4

When a movant files a *pro se* motion, Rule 29.15(e) requires that motion court appoint counsel, who "shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence." Rule 29.15(e). If the *pro se* motion is deficient, appointed counsel must file an amended motion that sufficiently alleges the additional facts and claims. Id. If, however, counsel determines an amended motion is not necessary, "counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion." Id. Rule 29.15(g) sets forth a time limit for the amended motion, granting post-conviction counsel 60 days after appointment by the motion court to file the amended motion. The motion court may grant one extension not to exceed 30 days. Rule 29.15(g). The rule does not assign a deadline for the statement in lieu of an amended motion.

There is no right to counsel in a Rule 29.15 proceeding, and therefore claims of ineffective assistance of post-conviction counsel are unreviewable on appeal. Howard v. State, 302 S.W.3d 739, 742 (Mo. App. E.D. 2010). Where, however, the record demonstrates that the post-conviction counsel failed to comply with Rule 29.15, this creates a presumption of abandonment, and we must remand the case to the motion court for a hearing to determine whether this failure constituted abandonment. See Moore v. State, No. SC94277, 2015 WL 1735533, at *2, 4 (Mo. banc April 14, 2015); Riley v. State, 364 S.W.3d 631, 636 (Mo. App. W.D. 2012). Abandonment occurs when post-conviction counsel takes no action towards filing an amended motion and as a result the movant is denied meaningful review on his claims, or when post-conviction counsel fails to file a necessary amended motion in a timely manner. Howard, 302 S.W.3d at 742. "[I]f there is no record of any activity by the counsel on the

5

movant's behalf," the motion court shall inquire, *sua sponte*, into the performances of both movant and counsel. Id. Counsel who files a statement in lieu of an amended motion is not considered to have abandoned the movant as long as the record demonstrates counsel reviewed the record and investigated all allegations raised by the movant. Id. When counsel files a proper statement in lieu of an amended motion, the motion court is not required to make a *sua sponte* inquiry into the parties' performances. Id.

Here, Eichler was appointed as post-conviction counsel on July 31, 2013, and received a filing extension. Accordingly, the amended motion was due no later than October 29, 2013, which was 90 days after the appointment date. See Rule 29.15(g). On November 5, 2013, Eichler filed a statement in lieu of an amended motion, in which she asserted she "ha[d] discussed this case with Movant over the telephone and ha[d] reviewed the following: the transcript of the trial and sentencing proceedings, relevant court documents from Movant's criminal case, the files maintained by Movant's former trial attorney including discovery from the underlying criminal case, the files maintained by Movant's former appellate attorney including the appellate brief and opinion, and the pro se motion filed by Movant in the postconviction case." She concluded that "[b]ased on this review, [she] ha[d] determined that she [would] not file an amended motion ... in that there [were] no potentially meritorious claims known to counsel, or facts in support thereof, that ha[d] been omitted from Movant's pro se motion." The motion court held a hearing on the issue of abandonment, but it did not address whether the Statement was timely filed.

The essential issue for this Court to decide is whether filing a statement in lieu of an amended motion past the deadline established for an amended motion creates a presumption of

6

abandonment, requiring a hearing on the issue of timeliness specifically. We find that it does not.

Movant relies on the Missouri Supreme Court's 1996 opinion in Moore v. State, 934 S.W.2d 289 (Mo banc 1996), which made multiple references to the timeliness of the statement in lieu of an amended motion, to suggest that timeliness is a crucial factor relevant to a determination of abandonment. The State responds that Rule 29.15(g) provides a time limit for only the amended motion and is silent on a time limit for statements in lieu of an amended motion. We agree with the State.

In interpreting the rules of the Supreme Court, we apply the same principles used for interpreting statutes. Dorris v. State, 360 S.W.3d 260, 267 (Mo. banc 2012). When interpreting statutes and rules, we ascertain the intent of the legislature or Supreme Court and give effect to that intent as is reflected in the plain language of the statute or rule. See Huck v. State, 341 S.W.3d 136, 139 (Mo. App. E.D. 2011) (statute); Scoggins v. Timmerman, 886 S.W.2d 135, 138 (Mo. App. W.D. 1994) (Supreme Court rule). Where the language of the statute or rule is clear and unambiguous, there is no room for construction. See id. Accordingly, when a rule's meaning is clear and unambiguous, we will not interpret the rule to give a different effect than the one articulated. See Scoggins, 886 S.W.2d at 138.

Here, Rule 29.15(e) provides two avenues for action by post-conviction counsel: filing an amended motion or filing a statement in lieu of an amended motion. Rule 29.15(g) provides a time limit for only one of those options: the amended motion. Thus, it appears from the language of the rule that the Supreme Court intended for the deadline to apply to only the amended motion and not to the statement in lieu of an amended motion. See id.

7

Moreover, a strict construction of the time limit for amended motions does not alter this Court's application of Rule 29.15[2] or conflict with the considerations underlying the rule. The purpose of Rule 29.15 is to achieve finality of criminal convictions without undue delay by ensuring a thorough review of the initial motion and prompt presentation of any meritorious claims. Price, 422 S.W.3d at 297. An untimely *amended motion* frustrates this purpose because it "indicates that counsel determined there was a sound basis for amending the initial motion" but then failed to present those meritorious claims to the motion court for review. Moore, 2015 WL 1735533, at *2. The same concern is not present when post-conviction counsel files a statement in lieu of an amended motion. Such statements demonstrate on the face of the record there are no meritorious claims to add and the initial *pro se* motion can proceed on its claims and facts. Cf. id. at *3 ("result of inquiry into abandonment determines which motion – the initial motion or the amended motion – the court should adjudicate").[3] Because Eichler's Statement was not untimely under Rule 29.15(g), there was no presumption of abandonment and we are not obligated to remand to the motion court for a hearing on this issue. Although we find there is no presumption of abandonment here, that is not to say the motion court could not find a movant was abandoned under different facts and circumstances: such as (1) when the statement itself was defective by not demonstrating on its face that appointed post-conviction counsel conducted a thorough review of the initial motion; or (2) when the statement was filed in a manner that prevents the finality of criminal convictions without undue delay. See Price, 422 S.W.3d at 297.

---

[2] We note that this holding places this Court at odds with the Southern District's decision in Harper v. State, 404 S.W.3d 378, 385 (Mo. App. S.D. 2013), which held that the untimely filing of a statement in lieu of an amended motion gives rise to presumption of abandonment. We note, however, that the Southern District focused its analysis on the remedy for the untimely filing, and assumed without discussion that the amended motion and the statement in lieu of an amended motion have the same filing time limit.

[3] Certainly, as the purpose of Rule 29.15 is to ensure finality of criminal convictions without undue delay, post-conviction counsel should file the statement in lieu of an amended motion on the same timeline as the amended motion; however, we find that the failure to do so does not create a presumption of abandonment.

8

Movant also argues that Eichler's Statement constituted abandonment because it failed to set forth sufficient facts demonstrating what actions she took to comply with Rule 29.15(e). Here, Eichler stated she had discussed this case with Movant over the telephone and had reviewed the record, including the trial and sentencing transcripts, relevant court documents, the files maintained by both trial counsel and appellate counsel, and Movant's *pro se* motion. Eichler then concluded Movant's *pro se* Rule 29.15 motion included all meritorious claims and facts in support thereof. Eichler's conclusion is not contrary to the language in Rule 29.15(e), and while Movant would have this Court create additional requirements of specificity to Rule 29.15(e)'s requirements, we decline to do so. This Court has previously found general statements sufficient to meet the requirements of Rule 29.15(e). See e.g., Howard, 302 S.W.3d at 742 (statement that appointment counsel had "reviewed the record in the underlying criminal case, including the transcript, the legal file and information supplied by the movant" and had "investigated all allegations in the *pro se* motion" was sufficient to comply with Rule 29.15(e)). Eichler's Statement was sufficient to comply with the requirements of Rule 29.15(e), and thus the motion court did not err in finding Eichler did not abandon Movant.[4]

Last, although Movant argues that Eichler's failure to raise specific claims proves that she did not in fact review the record as she asserted in her Statement, this contention is in essence an allegation of ineffective assistance of post-conviction counsel, not an assertion of abandonment. An argument that post-conviction counsel failed to assert a particular claim is in essence a charge of ineffective assistance of post-conviction counsel, and such charges are "categorically unreviewable." Price, 422 S.W.3d at 297 ("[t]he lack of any constitutional right to counsel in post-conviction proceedings, ... precludes claims based on the diligence or

---

[4] We note as well that motion courts are often aware of the reputation, work product, and credibility of appointed post-conviction attorneys who regularly appear before them.

competence of post-conviction counsel ... and such claims are categorically unreviewable"). Any alleged error in failing to raise a discoverable meritorious claim does not constitute "abandonment." Morgan v. State, 296 S.W.3d 1, 3 (Mo. App. E.D. 2009) ("[a]bandonment, however, does not encompass perceived ineffective assistance of counsel and, absent total abandonment, movants do not have a right to the effective assistance of post-conviction counsel"). To the extent Movant claims Eichler's Statement denied him meaningful review on his claims, we disagree. The motion court here held an evidentiary hearing in which it considered not only all of the claims raised in Movant's *pro se* motion but also those raised in his supplemental October 6 letter, and the court issued a merit-based ruling on those claims. Cf. Pope v. State, 87 S.W.3d 425, 429 (Mo. App. W.D. 2002) (reversed and remanded for hearing on abandonment when face of record demonstrated that counsel's inaction denied movant meaningful review of his claims).

Eichler's Statement complied with the requirements of Rule 29.15(e) and (g), and thus the motion court did not clearly err in failing *sua sponte* to hold a hearing to inquire into the parties' performance or in concluding Eichler did not abandon Movant.

Points one and two are denied.

### Point III

In his third point, Movant argues that the trial court erred in denying his Rule 29.15 motion, because his trial counsel was ineffective for failing to challenge whether the State of Missouri had jurisdiction to prosecute him for the crime for which he was convicted. We disagree.

To prevail on a claim of ineffective assistance of counsel, Movant must establish by a preponderance of the evidence that trial counsel failed to exercise the customary skill and

10

diligence of a reasonably competent attorney under similar circumstances, and that counsel's deficient performance prejudiced Movant, meaning that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Baumruk v. State, 364 S.W.3d 518, 525 (Mo. banc 2012) (citing Strickland v. Washington, 466 U.S. 668, 687-92 (1984)). We "presume[] that counsel's conduct was reasonable and effective," and that any challenged action was part of counsel's reasonable trial strategy. Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006); see also Barnett v. State, 103 S.W.3d 765, 769 (Mo. banc 2003). A movant must satisfy both prongs of this test, and should the movant fail to establish either the performance or prejudice prong, we need not consider the other. Smith v. State, 276 S.W.3d 314, 317 (Mo. App. E.D. 2008).

Missouri courts lack the authority to prosecute for violations of Missouri law unless the conduct, or some substantial portion of it, occurred within Missouri. See State v. Taylor, 238 S.W.3d 145, 149 (Mo. banc 2007) (citing State v. Kleen, 491 S.W.2d 244, 245 (Mo. 1973)). Section 541.191 provides that:

> This state has jurisdiction over an offense that a person commits by his own conduct … if:
> (1) Conduct constituting any element of the offense or a result of such conduct occurs within this state; or
> (2) The conduct outside this state constitutes an attempt or conspiracy to commit an offense within the state and an act in furtherance of the attempt or conspiracy occurs within this state … .

Section 541.191.1(1)-(2), RSMo. (2000).

Here, Movant, a resident of Kansas, mailed a box containing methamphetamine and marijuana via UPS to Jake Humphrey in Palmyra, Missouri. A detective with the Northeast Missouri Drugs Task Force (NEMO Task Force) testified he was contacted by Kansas City, Missouri police officers who said they had intercepted a package containing controlled

11

substances and wanted the NEMO Task Force to perform a controlled delivery. The NEMO Task Force attempted delivery twice but was unsuccessful both times. While the detective did not know who had intercepted the drugs or where the drugs were intercepted, the receipt for the package indicated it was recovered at 223 North James Street, W.V. County, which listed a telephone number with a 913 area code. The detective was unable to confirm whether W.V. County was short for Wyandotte County, Kansas or whether 913 is the area code for Kansas City, Kansas.

After Movant was arrested, he admitted to police that he had on several occasions sold methamphetamine and marijuana to Jake Humphrey in Palmyra, Missouri by mailing the controlled substances via UPS, and that he received packages of money from Humphrey in return. Movant admitted he had shipped the package at issue to Humphrey: he stated he mailed approximately nine ounces of methamphetamine and two pounds of marijuana in a Pampers box addressed to Humphrey at an address in Palmyra, Missouri, but there was a problem with delivery. Movant further informed the police he had been tracking the package after he delivered it to UPS and believed there was a problem, and thus he called Humphrey and told him not to accept the package. While Movant was on the telephone with Humphrey, Movant could hear someone knocking on the door in an attempt to deliver the package, and he instructed Humphrey not to accept it.

Movant asserts on appeal that because the package containing the controlled substances was intercepted in Kansas, Missouri lacks jurisdiction to prosecute him under Missouri law, in that no part of the crime actually occurred in Missouri and no detrimental effect actually occurred in Missouri because the police were not able to complete delivery. He then argues that because Missouri was without jurisdiction, his trial counsel was ineffective for failing to file a

12

motion specifically objecting to the trial court's jurisdiction. Movant claims reasonable counsel would have raised the issue and he was prejudiced by McConnell's failure to do so, because the jurisdictional challenge would have required dismissal of the charge against him. At the evidentiary hearing on Movant's *pro se* Rule 29.15 motion, McConnell testified he did not file a motion objecting to jurisdiction because he believed the State already had the burden to prove some element of the crime occurred in Missouri, which would satisfy the jurisdictional element. The motion court found that Movant was not prejudiced by McConnell's failure to object to the trial court's jurisdiction. We agree with the motion court.

Section 541.191.1(2) authorizes Missouri courts to prosecute criminal conduct that originates outside the State if that conduct constitutes an attempt to commit an offense within the State and an act in furtherance of the attempt occurs within this State. We find that Movant's conduct here falls within this section. There is no question that Movant attempted to commit an offense within the State: he knowingly delivered methamphetamine, a controlled substance, to a person in Palmyra, Missouri in violation of Section 195.211. Delivery is defined as "the actual, constructive, or *attempted* transfer from one person to another ...," Section 195.010(8), RSMo. (Cum Supp. 2011) (emphasis added), and thus it is of no importance that Movant's package was intercepted before delivery was physically completed. Under the express terms of the statute, criminal liability for delivery attaches once the attempt was made. Id. Accordingly, Movant's conduct met the first of Section 541.191.1(2)'s two requirements. Thus, the question for us to decide on appeal is whether an act in furtherance of the attempt occurred in Missouri. We find that it did.

Movant stated to the police that after mailing the package, he tracked it via UPS. In tracking it, he determined something seemed wrong, and accordingly he called Humphrey to

13

instruct him to refuse delivery. These facts establish not only Movant's continued participation in the crime in Missouri but his control over the crime in Missouri. Under the circumstances here, we find that this control constitutes "an act in furtherance" of the crime within the State, granting Missouri criminal jurisdiction under Section 541.191.1(2).

In addition, we also find that Missouri had criminal jurisdiction under Section 541.191.1(1), which states that Missouri courts have criminal jurisdiction over any offense where "[c]onduct constituting any element of the offense or a *result of* such conduct occurs within this state." (emphasis added) Here, while Movant placed the controlled substances in the mail in Kansas, the "result of" of that offense occurred in Missouri when the drugs physically arrived here. See Cummins v. State, 912 S.W.2d 523, 524 (Mo. App. W.D. 1995) (regardless of whether drugs were delivered in Kansas or Missouri, because drugs were transported to Missouri, "result of" delivery was in Missouri; thus, Missouri had criminal jurisdiction under Section 541.191.1(1)). Contrary to Movant's apparent allegation on appeal that it was the police, not he, who transported the drugs into Missouri, we find that it was Movant who legally delivered the drugs to Missouri. See Sections 195.010(8) (delivery is defined as attempt to deliver), 195.211 (it is unlawful to deliver or attempt to deliver controlled substance).

That the package was intercepted by the police before delivery was physically completed does not abrogate his crime. Impossibility is no defense to an attempt to deliver a controlled substance. See Section 564.011.2, RSMo. (2000) (it is no defense that offense attempted was factually or legally impossible, if actor believed offense was possible). This is not a situation that but for police involvement, the drugs would not have ended up in Missouri. Rather, had the police not been involved, the drugs would have been shipped via UPS to Missouri. Mailing the

14

drugs in Kansas with the intent to deliver them in Missouri constituted a completed offense in Missouri over which Missouri courts had criminal jurisdiction.

We find that Missouri courts have jurisdiction over the crime here and therefore McConnell was not ineffective for failing to raise this non-meritorious argument in a motion to dismiss. See Scott v. State, 741 S.W.2d 692, 693 (Mo. App. W.D. 1987) (counsel is not ineffective for failing to file motion that would be doomed to fail). Because McConnell did not fail to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances when he failed to raise this non-meritorious issue, the motion court did not clearly err in denying Movant's Rule 29.15 motion. See Price, 422 S.W.3d at 294; Baumruk, 364 S.W.3d at 525; Smith, 276 S.W.3d at 317 (should movant fail to establish either performance or prejudice prong, we need not consider other). Point denied.

## Conclusion

The judgment of the motion court is affirmed.

Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P. J., concurs.
Robert G. Dowd, Jr., J., concurs.

15