

# Missouri Court of Appeals
## Southern District
### Division Two

DAVID C. MASON,                          )
                                         )
     Movant-Appellant,          )
                                         )
vs.                                      )     No. SD33472
                                         )
STATE OF MISSOURI,                       )     Filed January 28, 2016
                                         )
     Respondent-Respondent.     )

### APPEAL FROM THE CIRCUIT COURT OF WRIGHT COUNTY

Honorable R. Craig Carter, Circuit Judge

AFFIRMED

David Mason ("Movant") appeals the denial of his Rule 29.15 post-conviction motion alleging ineffective assistance of counsel.[1] Movant argues that (1) the motion court clearly erred when it accepted counsel's statement in lieu of an amended motion ("Statement"); and (2) "[t]he circuit court erred when it did not make any inquiry into abandonment by post-conviction counsel." Finding no merit in Movant's claims, we affirm.

### Factual and Procedural Background

Following a jury trial, Movant was convicted of first-degree statutory rape, *see* section 566.032; first-degree statutory sodomy, *see* section 566.062; and first-degree child molestation,

---

[1] All rule references are to Missouri Court Rules (2015).

*see* section 566.067.[2]  On direct appeal, this court affirmed Movant's convictions in ***State v.***

***Mason***, 420 S.W.3d 632 (Mo.App. 2013).  Mandate issued August 15, 2013.

Movant timely filed a *pro se* Rule 29.15 motion for post-conviction relief on October 21,

2013, seeking to vacate, set aside, or correct the judgments and sentences.[3]  The next day, the

motion court "appoint[ed] the Central Appellate Division of the Public Defenders [sic] Office to

represent Movant in this matter."  On November 25, 2013, assistant public defender Cinda

Eichler ("Eichler") filed an entry of appearance as appointed counsel and requested an additional

thirty days to file an amended motion, which the motion court granted that same day.  On

January 21, 2014, Eichler signed and mailed a copy of her notarized Statement to Movant.  The

Statement alleged that, after speaking with Movant and reviewing the record, there were no

additional claims or facts in support thereof that had been omitted from Movant's *pro se* motion.

Eichler subsequently filed the Statement in the motion court on January 27, 2014.[4]

Thereafter, the motion court held an evidentiary hearing on the merits of Movant's

claims.  Eichler represented Movant at the hearing.  The motion court accepted a list of thirteen

complaints from Movant, ten of which had not been raised in his *pro se* motion, and a statement

from a witness who Movant claimed should have been called to testify at his trial.  The motion

court then heard testimony on the merits of Movant's *pro se* motion and the ten additional

complaints submitted.  Eichler called both Movant and trial counsel, Stuart Huffman, to testify.

Following the hearing, the motion court issued findings of fact and conclusions of law

---

[2] All statutory references are to RSMo Cum.Supp. 2006.
[3] Under Rule 29.15(b), Movant had ninety days in which to file his *pro se* motion after this court issued its mandate affirming his conviction.  Movant's motion was filed sixty-seven days after mandate issued.
[4] The motion court's findings of fact quote a filing date of January 27, 2014; however, the time stamp and docket entry indicate a filing date of January 29, 2014.  Because Rule 29.15(g)'s ninety-day filing deadline, which Movant argues applies to Statements, expired on January 21, 2014, prior to either indicated filing date, it is not necessary to resolve this discrepancy.

addressing all claims listed in the *pro se* motion and four of the claims presented for the first time at the hearing; all claims addressed were denied. This appeal followed.

## Standard of Review

This court's review of the denial of a Rule 29.15 motion for post-conviction relief is limited to determining whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 29.15(k); ***Williams v. State***, 168 S.W.3d 433, 439 (Mo. banc 2005). Such findings and conclusions are considered clearly erroneous only if a full review of the record leaves us with "'a definite and firm impression that a mistake has been made.'" ***Zink v. State***, 278 S.W.3d 170, 175 (Mo. banc 2009) (quoting ***Worthington v. State***, 166 S.W.3d 566, 572 (Mo. banc 2005)).

## Discussion[5]

In his first point relied on, Movant claims the motion court clearly erred in accepting the Statement because: (1) Movant's *pro se* motion was deficiently pleaded on its face; (2) Movant's Statement was not timely filed; and (3) if counsel had reviewed the file as claimed in the Statement, she would have noticed a meritorious issue for post-conviction relief not pleaded in Movant's *pro se* motion. Movant claims this was error because he did not receive any chance at post-conviction relief, may have procedurally defaulted on a meritorious claim, and was denied his rights to due process and effective assistance of counsel. Movant's second point claims that the "circuit court erred when it did not make any inquiry into abandonment by post-conviction counsel." Movant argues this was error "because post-conviction relief counsel in this cause was so deficient that [Movant] was abandoned[] and totally denied access to the courts and effective assistance of counsel." In substance, Movant's allegations claim either that

---

[5] Movant does not contest the motion court's merit-based denial of his *pro se* post-conviction motion claims or his claims presented for the first time at his evidentiary hearing.

Movant was abandoned or received ineffective assistance of post-conviction counsel. We first address Movant's abandonment-related claims, then turn to his claims that he received ineffective assistance of post-conviction counsel.

### *Point I: Motion Court's Acceptance of Statement was not Clearly Erroneous*

Movant first alleges that the motion court clearly erred "when it accepted" the Statement. He alleges, without citation to any authority, that counsel is required to amend *pro se* motions in "almost all circumstances." Further, Movant alleges that Eichler did not comply with Rule 29.15 and requests that this court remand for a hearing to determine if her Statement "was properly accepted."

An initial *pro se* motion must only give the court notice that the movant seeks post-conviction relief. *Moore v. State*, 328 S.W.3d 700, 702 (Mo. banc 2010) (citing *Bullard v. State*, 853 S.W.2d 921, 922-23 (Mo. banc 1993)). "If the motion is filed by an indigent self-represented movant, the court will appoint counsel." *Moore*, 328 S.W.3d at 702 (citing Rule 29.15(e)). Appointed counsel will then have the opportunity to file an amended motion that alleges sufficient facts and all claims for relief. *Moore*, 328 S.W.3d at 702.

"When counsel is appointed under Rule 29.15(e), this rule requires this counsel to investigate the claims raised in the inmate's timely initial motion and then file either an amended motion or a statement explaining why no amended motion is needed." *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014). "Performance of these duties is essential because the limited scope of appellate review under Rule 29.15(j) assumes that 'the motion court and appointed counsel will comply with all provisions of the rule.'" *Id.* at 297-98 (quoting *Luleff v. State*, 807 S.W.2d 495, 497-98 (Mo. banc 1991)). In pertinent part, Rule 29.15(e) outlines the requirements of appointed counsel and when an amended motion is required:

Counsel shall ascertain whether sufficient facts supporting the claims are asserted in the motion and whether the movant has included all claims known to the movant as a basis for attacking the judgment and sentence. If the motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims. If counsel determines that no amended motion shall be filed, counsel shall file a statement setting out facts demonstrating what actions were taken to ensure that (1) all facts supporting the claims are asserted in the pro se motion and (2) all claims known to the movant are alleged in the pro se motion. The statement shall be presented to the movant prior to filing. The movant may file a reply to the statement not later than ten days after the statement is filed.

Where the record demonstrates that post-conviction counsel failed to comply with Rule 29.15, a presumption of abandonment arises, and we must remand the case to the motion court for a hearing to determine whether this failure constituted abandonment. *See Moore v. State*, 458 S.W.3d 822, 824-825 (Mo. banc 2015); *Riley v. State*, 364 S.W.3d 631, 636 (Mo.App. 2012). Our supreme court has recognized a limited number of situations that may constitute abandonment. *Stanley v. State*, 420 S.W.3d 532, 541 (Mo. banc 2014). Relevant to this appeal, abandonment may occur where (1) post-conviction counsel takes no action with respect to filing an amended motion and, as such, the record shows that the movant is deprived of a meaningful review of his claims; or (2) when post-conviction counsel is aware of the need to file an amended post-conviction relief motion and fails to do so in a timely manner. *Gehrke v. State*, 280 S.W.3d 54, 57 (Mo. banc 2009).

"'[I]f there is no record of any activity by the counsel on the movant's behalf,' the motion court shall inquire, *sua sponte,* into the performances of both movant and counsel." *Pennell v. State*, 467 S.W.3d 367, 372 (Mo.App. E.D. 2015) (quoting *Howard v. State*, 302 S.W.3d 739, 742 (Mo.App. 2010)). "Counsel who files a statement in lieu of an amended motion is not considered to have abandoned the movant as long as the record demonstrates counsel reviewed the record and investigated all allegations raised by the movant." *Pennell*, 467 S.W.3d at 372.

5

"When counsel files a proper statement in lieu of an amended motion, the motion court is not required to make a *sua sponte* inquiry into the parties' performances." ***Id.***

Here, Movant argues that the motion court clearly erred in accepting Eichler's Statement, because Movant's *pro se* motion was deficiently pleaded on its face. This argument assumes, without citation to relevant authority, that counsel is required to file an amended motion, not on the basis of his or her independent investigation, but solely on the strength of the allegations in the *pro se* motion. Under Rule 29.15(e), whether an amended motion should be filed is not solely dependent upon the contents—or lack thereof—in the *pro se* motion. Counsel must determine whether the *pro se* motion asserts sufficient facts supporting the claims and includes all claims known to the movant as a basis for attacking the judgment and sentence. Rule 29.15(e). Counsel is not required to file an amended motion if he or she determines that no additional facts or claims exist. ***Id.*** So long as the record demonstrates that counsel's decision to file a statement is based on counsel's review of the record and investigation of all allegations raised by the movant, no abandonment has occurred. ***Pennell***, 467 S.W.3d at 372.

Eichler's Statement, signed and mailed to Movant within the time allowed for filing an amended motion, *see* Rule 29.15(g), reflected that she had previously spoken with Movant on the telephone and reviewed:

> *the transcript of the trial and sentencing proceedings, relevant court documents from Movant's criminal case, the files maintained by Movant's former trial attorney including discovery from the underlying criminal case, the files maintained by Movant's former appellate attorney including the appellate brief and opinion, and the pro se motion filed by Movant in the postconviction case. Based on this review, counsel has determined that she will not file an amended motion in the above-captioned matter in that there are no potentially meritorious claims known to counsel, or facts in support thereof, that have been omitted from Movant's pro se motion.*

This court has previously found statements similar to Eichler's sufficient to meet the requirements of Rule 29.15(e). *See **Pennell***, 467 S.W.3d at 372-73 (holding Rule 29.15(e) was

6

satisfied where counsel's statement outlined the exact actions now challenged by the movant); *Howard*, 302 S.W.3d at 742 (finding actions described in a statement were adequate where counsel reviewed the underlying criminal case record, including the transcript, legal file, and information, and investigated all allegations in the *pro se* motion). In accordance with those holdings, the record here contains evidence that Eichler complied with Rule 29.15(e) by investigating all files related to Movant's underlying conviction, his subsequent appeal to this court, and the allegations contained in his *pro se* motion. The motion court was therefore not required to make a *sua sponte* inquiry into the parties' performances. *Pennell*, 467 S.W.3d at 372.

Next, Movant argues the motion court clearly erred in accepting Eichler's Statement, because it was filed beyond the time limit for filing an amended motion. Movant argues the same time limits that govern the filing of an amended motion apply to statements. Rule 29.15(g) delineates the timeline for the filing of an amended motion:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

The first-mentioned time limit is relevant here. As previously stated, mandate issued on August 15, 2013, and Eichler was appointed on October 22, 2013. Eichler filed and was granted a motion for a thirty-day extension, as allowed by the rule. Thus, Eichler's extended ninety-day deadline to file an amended motion expired on Tuesday, January 21, 2014.[6] On that same day,

---

[6] Monday, January 20, 2014, was the ninetieth day after October 22, 2013; however, because the Martin Luther King, Jr., holiday was observed that date, counsel's deadline was extended to the immediately succeeding Tuesday. *See* Rule 44.01(a) (stating last day of the period so computed is to be included, unless it is a legal holiday). A legal holiday is "established by legal authority and characterized by legal restrictions on work and transaction of official business." *Smith v. Dir. of Revenue*, 179 S.W.3d 310, 312 (Mo.App. 2005) (internal quotation marks and citations omitted).

Eichler signed and mailed Movant a copy of her notarized Statement. Eight days later, at the latest, Eichler filed the Statement in the motion court.

If appointed post-conviction counsel files an amended motion outside the time limits proscribed in Rule 29.15(g), a presumption of abandonment occurs "because the filing of the amended motion indicates that counsel determined there was a sound basis for amending the initial motion but failed to file the amended motion timely." *Moore*, 458 S.W.3d at 825 (citations omitted). However, by its plain language, Rule 29.15(g)'s time limits do not apply to statements filed in lieu of amended motions. The rule refers only to amended motions in both mandating a sixty-day initial deadline and allowing an extension of time to be granted. *Pennell*, 467 S.W.3d at 373 (holding Rule 29.15(g)'s time limits apply only to amended motions and not to statements); *see also Scott v. State*, 472 S.W.3d 593, 597 n.5 (Mo.App. W.D. 2015) (stating agreement with *Pennell* holding).[7]

Accordingly, Eichler's Statement, which was prepared and signed before the deadline for an amended motion but not filed in the motion court until after that deadline passed, did not create a presumption of abandonment.[8] Because Eichler's Statement was not untimely under Rule 29.15(g), there was no presumption of abandonment, and we are not required to remand for a hearing on that issue. *Pennell*, 467 S.W.3d at 374. Movant's first point is denied.

---

[7] Movant relies on *Harper v. State*, 404 S.W.3d 378, 385 (Mo.App. 2013), for the proposition that filing a statement beyond the time limit established for filing an amended motion under Rule 29.15(g) raises a presumption of abandonment. Movant is correct that *Harper* applied the Rule 29.15(g) time limits for filing an amended motion to a statement. That decision, however, addressed, discussed, and analyzed the remedy for failure to timely file the statement, not whether the Rule 29.15 time limits for filing an amended motion apply to statements in the first instance. *See Pennell*, 467 S.W.3d at 373 n.2. Movant also directs this court to *Stanley v. State*, 420 S.W.3d 532, 540 (Mo. banc 2014), and *Moore v. State*, 934 S.W.2d 289, 292 (Mo. banc 1996), for the same proposition. Similar to *Harper*, neither *Stanley* nor *Moore* addressed, analyzed, or determined whether the rule's amended motion time limits apply to statements.

[8] We do not foreclose the possibility that a presumption of abandonment could arise or that abandonment could occur under other circumstances where a statement is filed beyond the time for filing an amended motion. *See Pennell*, 467 S.W.3d at 374 (citing *Price*, 422 S.W.3d at 297).

***Point II: Ineffective Assistance of Post-Conviction Counsel Claims are not Cognizable***

Movant's second point relied on alleges the motion court clearly erred in not making an inquiry into abandonment "because post-conviction relief counsel in this cause was so deficient that [Movant] was abandoned[] and totally denied access to the courts and effective assistance of counsel." Movant argues that counsel should have amended Movant's motion to include a meritorious claim that was plain on the record. Movant further argues that Eichler "acted without the care, diligence, and skill of a reasonably competent attorney" in filing a statement in circumstances not permitted by Rule 29.15.

Collectively, although couched in terms of abandonment, these arguments allege ineffective assistance of post-conviction counsel. Because there is no constitutional right to counsel in a post-conviction proceeding, it follows that a post-conviction movant has no constitutionally guaranteed right to effective representation. ***Barnett v. State***, 103 S.W.3d 765, 773 (Mo. banc 2003). Consequently, claims based on the diligence or competence of post-conviction counsel are "categorically unreviewable." ***Price***, 422 S.W.3d at 297. Therefore, a movant's right to an attorney is restricted to that provided in the post-conviction rules. *See* Rules 29.15(e) and 24.035(e). Having already established that Eichler's actions complied with Rule 29.15 and did not give rise to a presumption of abandonment, Movant's remaining arguments regarding the quality of Eichler's performance are claims of ineffective assistance of post-conviction counsel that are not reviewable.

Ultimately, Movant concedes as much in stating, "Missouri courts have long denied that there is a right to effective assistance of post-conviction counsel." Nevertheless, Movant argues that, "in a case such as this, where post-conviction proceedings are the first[] and only area that ineffective assistance of counsel can be raised as a matter of right, Missouri should recognize

9

ineffective assistance of counsel under the United States' [sic] Supreme Court decision in *Martinez v. Ryan*, 566 U.S. ___ ,[132 S.Ct. 1309, 182 L.Ed.2d 272 (2012)]."

As this court has previously noted, *Martinez* was "limited to a determination that in jurisdictions where a claim of ineffective assistance of counsel must be raised in an 'initial-review collateral proceeding,' a procedural default will not bar a federal habeas court from hearing those claims." *Yarberry v. State*, 372 S.W.3d 568, 575 (Mo.App. 2012). "Nothing in *Martinez* directly affects Missouri's longstanding principle that a [movant] does not have a constitutional right to the effective assistance of post-conviction counsel and we decline Movant's invitation to substantially alter Missouri law pursuant to his strained reading of the *Martinez* holding." *Martin v. State*, 386 S.W.3d 179, 185-86 (Mo.App. 2012). Because such claims are "categorically unreviewable," we cannot review Movant's claims alleging ineffective assistance of post-conviction counsel. Movant's second point is denied.

## Decision

Because counsel's actions under Rules 29.15(e) and (g) do not give rise to a presumption of abandonment, and claims of ineffective assistance of post-conviction counsel are not cognizable, the motion court's judgment denying Movant's motion is affirmed.


GARY W. LYNCH, J. – Opinion author

DON E. BURRELL, P.J. – concurs

NANCY STEFFEN RAHMEYER, J. – concurs

10