**Terrence HENDRICKS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 104636

Missouri Court of Appeals,
Eastern District,
**DIVISION FOUR.**

FILED: May 9, 2017

Andrew E. Zleit, St. Louis, MO, for Appellant.

Joshua Hawley, Mary H. Moore, Jefferson City, MO, for respondent.

## Introduction

KURT S. ODENWALD, Judge

Terrence Hendricks ("Hendricks") appeals from the judgment of the motion court denying his Rule 29.15[1] motion for post-conviction relief following an evidentiary hearing. Hendricks sought relief from his convictions relating to a violent

---

1. All rule references are to Mo. R. Crim. P. (2016).

home invasion that resulted in the shooting of Ernest Strong ("Ernest").[2] On appeal, Hendricks argues that trial counsel was ineffective for failing to present evidence that a purported eyewitness had previously identified another person, Demar Cotton ("Demar"), as Ernest's shooter. Because trial counsel's decision not to present this evidence was reasonable trial strategy, the motion court did not clearly err in denying Hendricks's motion for post-conviction relief. We affirm.

### Factual and Procedural History

A jury found Hendricks guilty on one count each of first-degree assault, first-degree robbery, first-degree burglary, third-degree assault, and on three associated counts of armed criminal action, for his participation in a violent home invasion and shooting. At trial, the evidence showed that Hendricks and brothers Demar and Taitez Cotton decided to burglarize Ernest's home. After the brothers observed Ernest leaving the residence, Hendricks and the brothers forced their way into the home and encountered Ernest's daughter, Jennifer Strong ("Jennifer"). Hendricks assaulted and robbed Jennifer. Hendricks and the brothers took electronic devices from the home before fleeing out the back door upon Ernest's return to the residence. After encountering one of the burglars in the driveway, Ernest was shot multiple times. Police officers apprehended Hendricks nearby.

At trial, Hendricks did not contest his involvement in the burglary or the robbery, but maintained that he did not shoot

Ernest. Ernest could not identify his shooter, and neither could a neighbor who saw the shooting. The State provided evidence that police discovered Hendricks's sweatshirt with the gun used to shoot Ernest. Demar, testifying pursuant to a plea agreement, asserted that the brothers fled from the scene, but Hendricks returned to the driveway. Conversely, Hendricks testified that he fled the scene, but the brothers returned to the driveway and later used his sweatshirt to dispose of the gun used to shoot Ernest. Jennifer testified at trial that she did not see who shot her father.

At issue here are two out-of-court statements made by Jennifer that were not presented to the jury. When interviewed at the scene of the crime, Jennifer said that Hendricks assaulted her father. Jennifer subsequently indicated in a recorded interview at the police station that she saw Demar in the driveway near her wounded father.

After the jury found Hendricks guilty, he appealed his convictions. We affirmed. State v. Hendricks, 341 S.W.3d 152, 153 (Mo. App. E.D. 2011). Hendricks then sought post-conviction relief,[3] claiming that trial counsel was ineffective for failing to present evidence that Jennifer had at one time identified Demar as Ernest's shooter.

At the motion hearing, trial counsel testified that she had received and reviewed Jennifer's police interview. According to trial counsel, Jennifer was a developmentally disabled woman. Trial counsel was concerned how Jennifer might respond or react to questioning at trial. Trial counsel

---

2. Because multiple parties share the same surname, we will reference certain parties by their first name.

3. Hendricks's amended Rule 29.15 motion was untimely. On appeal, we remanded for an independent inquiry into whether Hendricks had been abandoned by post-conviction coun-

sel. Hendricks v. State, 481 S.W.3d 600, 601 (Mo. App. E.D. 2016). On remand, the motion court determined that post-conviction counsel had abandoned Hendricks. The motion court then considered Hendricks's motion on its merits.

was further worried that the jury would be protective of Jennifer and that the jury could perceive the use of Jennifer's inconsistent statements as an attempt to upset or attack her. Nonetheless, trial counsel testified that she was prepared to cross-examine Jennifer on her inconsistent statements regarding the identity of the shooter if Jennifer testified that Hendricks shot Ernest. When Jennifer testified at trial that she did not see the shooting, trial counsel changed her strategy to avoid confusion on the issue. Trial counsel feared that introducing the police interview would cause the prosecutor to then draw attention to Jennifer's on-the-scene identification of Hendricks as Ernest's attacker. Trial counsel recalled that Jennifer's testimony on direct examination achieved counsel's main objective, which was to demonstrate that no one could identify Hendricks as Ernest's assailant. Hendricks also testified at the motion hearing, explaining that trial counsel never informed him about Jennifer's police interview.

The motion court found that trial counsel "articulated a valid strategic reason for not presenting the videotaped statement of [Jennifer] at movant's trial." Determining that this decision was reasonable in light of Jennifer's failure to identify a shooter at trial, the motion court ruled that Hendricks did not prove that trial counsel was deficient. The motion court also concluded that the presentation of Jennifer's interview would not have altered the trial's outcome. This appeal follows.

## Point on Appeal

◼ In his sole point on appeal, Hendricks argues that the motion court clearly erred in denying his claim for ineffective assistance of counsel because trial counsel unreasonably failed to present evidence that Jennifer had previously identified Demar as Ernest's shooter.

## Standard of Review

◼ Appellate review of the denial of a Rule 29.15 motion is limited for a determination of whether the motion court clearly erred in making its findings of fact and conclusions of law. Rule 29.15(k); Dorsey v. State, 448 S.W.3d 276, 282 (Mo. banc 2014). A judgment is clearly erroneous when, after reviewing the entire record, the court is left with the definite and firm impression that a mistake has been made. Mallow v. State, 439 S.W.3d 764, 768 (Mo. banc 2014). We presume that the motion court's findings and conclusion are correct. Hurst v. State, 301 S.W.3d 112, 116 (Mo. App. E.D. 2010).

## Discussion

◼ To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate by a preponderance of the evidence that he or she is entitled to relief under the two-pronged Strickland test. McIntosh v. State, 413 S.W.3d 320, 324 (Mo. banc 2013) (referencing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Under Strickland, the movant must show that: "(1) his or her counsel failed to exercise the level of skill and diligence that a reasonably competent counsel would in a similar situation, and (2) he or she was prejudiced by that failure." Johnson v. State, 406 S.W.3d 892, 898–99 (Mo. banc 2013).

◼ Regarding the first prong of Strickland, a movant is required to overcome the strong presumption that his or her counsel's conduct was reasonable and effective. Id. at 899. To overcome this presumption of reasonableness, "a movant must identify 'specific acts or ommissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance.'" McIntosh, 413 S.W.3d at 324 (quoting Zink v.

State, 278 S.W.3d 170, 176 (Mo. banc 2009)). Decisions regarding the presentation of evidence generally are considered matters of trial strategy. Borst v. State, 337 S.W.3d 95, 103 (Mo. App. W.D. 2011). Decisions of trial strategy may be a basis for ineffective-assistance claims "only if that decision was unreasonable." Mallow, 439 S.W.3d at 769. "Reasonable choices of trial strategy, no matter how ill-fated they appear in hindsight, cannot serve as a basis for a claim of ineffective assistance." Borst, 337 S.W.3d at 105 (quoting Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006)). Strategic decisions made after a thorough investigation of the law and the facts applicable to the case are virtually unchallengeable. Barton v. State, 432 S.W.3d 741, 749 (Mo. banc 2014). Counsel is not ineffective for deciding to pursue one reasonable trial strategy to the exclusion of another. Id.

■■■■ To demonstrate prejudice under Strickland, the movant must show that, but for counsel's deficient performance, "there is a reasonably probability that the outcome of the court proceeding would have been different." Williams v. State, 386 S.W.3d 750, 752 (Mo. banc 2012). If a movant fails to prove either Strickland prong, then his or her claim for ineffective assistance of counsel must fail, and we need not address the remaining prong. Pennell v. State, 467 S.W.3d 367, 375 (Mo. App. E.D. 2015).

Here, Hendricks has not demonstrated that trial counsel's conduct was deficient under the first prong of Strickland. Trial counsel reviewed the statements made by Jennifer during the police interview. Trial counsel then carefully considered how to use the statements made by Jennifer, factoring in Jennifer's status as a sympathetic witness and victim, Jennifer's developmental disabilities, and trial counsel's main objective of preventing any identification of Hendricks as Ernest's assailant. Trial counsel also considered how the use of the police interview might encourage the State to present evidence of Jennifer's on-the-scene remarks which identified Hendricks as the shooter. After weighing these considerations, trial counsel prepared to use Jennifer's police interview during cross-examination should Jennifer testify to seeing Hendricks shoot Ernest.

At trial, however, Jennifer did not identify who shot her father. By deciding not to challenge Jennifer's trial testimony, trial counsel presented a case to the jury where none of the three purported eyewitnesses to the shooting could place Hendricks on the driveway. Accordingly, trial counsel achieved her main objective of avoiding any positive identifications of Hendricks as the shooter and effectively challenged the State's ability to prove beyond a reasonable doubt that Hendricks was responsible for the shooting. Although trial counsel could have instead engaged in a back-and-forth dispute over Jennifer's differing accounts of the shooting, trial counsel is not ineffective for electing to pursue one reasonable trial strategy at the expense of another. See Barton, 432 S.W.3d at 749.

Hendricks, with the benefit of hindsight, asks us to second-guess his counsel's trial strategy. We cannot do so. Trial counsel's decision not to present Jennifer's police interview was reasonable trial strategy, made after a thorough review and consideration of the circumstances. Because Hendricks failed to demonstrate trial counsel's deficient conduct, his claim for ineffective assistance of counsel must fail. See Pennell, 467 S.W.3d at 375. Hendricks's point is denied.

### Conclusion

The judgment of the motion court is affirmed.

James M. Dowd, P.J., concurs.

Gary M. Gaertner, Jr., J., concurs.